Andrews, J.
The jurisdiction of the county judge to exercise the authority conferred by the act under which the proceedings were instituted for bonding the town of Greenwood depended upon the presentation to him, in the first instance, of a petition in. conformity with the act. (Laws 1869, chap. 907, as amended by chap. 925, Laws 1871.)
The first section provides that the petition shall state that the petitioners constitute a majority of the tax-payers representing a majority of the property appearing and assessed upon, the last preceding assessment or tax roll of the municipal corporation to which the proceeding relates, and that they desire that it shall issue its bonds to an amount stated in the petition, and invest the same, or the proceeds thereof, in the stock or bonds (as the petition may direct) “ of such railroad company in this State as may be named ” in the petition. It is made the duty of the county judge to proceed to take the proof and make the adjudication authorized by the act, whenever a majority of the qualified tax-payers, representing the requisite amount of taxable property, unite in the petition. The county judge is invested with a special limited statutory power, which can only be exercised under •the limitations and circumstances prescribed in the statute. The presentation of a proper petition lies at the basis of his jurisdiction. If any facts required to. be stated are omitted, all the subsequent proceedings are fatally defective. It does not aid the proceedings that the facts exist, or that they are, in some other way, or at another stage of the proceedings, brought to- the knowledge of the officer, or that the statement of them may seem unnecessary in view of the inquiry and adjudication which he is authorized to make. The- statute prescribes the proof which is to be presented to the county judge. It is material because the statute requires it. It must be presented in the form and at the time required, or the officer acquires no jurisdiction. ( Vosburgh v. Welch, 11 J. R., 175; Adkins v. Brewer, 3 Cow., 206; Bloom v. Burdick, 1 Hill, 130.)
It is plain, from the examination of the statute of 1869, *5 that the corporations, in aid of which the bonds of a municipality may be issued, are those existing in and incorporated under the laws of this State. The act is an amendment of the general railroad law. It is the stock or bonds of the railroad company in this State, named in the petition, for which the commissioners, when appointed, are to subscribe, and in which the bonds of the municipality are to be invested. The taxes collected from any railroad, within the corporation whose aid has been extended in constructing it, are set apart as a sinking fund for the redemption of the bonds; and penalties are prescribed against any officer or agent of the road who shall apply the money realized from the bonds to any other purpose than for its construction and equipment. In the petition presented to the county judge, the petitioners state that they desire that the town of Greenwood should create and issue its bonds to an amount stated, and invest the same or the proceeds “ in the stock of the Rochester, Hornellsville and Pine Creek Railroad Company, pursuant to the provisions of chapter 90 of the Laws of the State of Hew York, passed May 18, 1869, and the several acts amendatory thereof.”' It does not appear from this statement that the company named was a corporation organized and existing in this State, The fact that the statute is referred to, which authorizes town aid to be extended only to such a corporation, affords ground for the inference that in the opinion of the petitioners the statute applied to the case presented. But it is not equivalent to an averment that the company named was a domestic corporation. An averment that the petition was presented pursuant to the act would not be equivalent to an averment that the petitioners were a majority of the tax-payers of the town, or represented a majority of the taxable property, although it might be said by way of argument that as the act only authorized such majority to petition, it could not be presented in pursuance of it unless the petitioners comprised such majority. The' fact that the railroad company named is a corporation within this State must, we think, be stated in the petition. It is the *6 only way in which the county judge can judicially know that the proceedings relate to a railroad corporation within the act. The statute confines the inquiry and adjudication which he is to make to the question whether the petitioners and those who may afterward join in the petition comprise a majority of the tax-payers and represent a majority of the taxable property of the municipal corporation named in the petition. If these facts are affirmatively found by the judge, then the commissioners appointed are to issue the bonds of the corporation and invest them or their proceeds in the stock or bonds of the railroad company named in the petition. Unless the county judge is apprised by the petition of the fact that the company named is a corporation in this State, the proceedings may be taken and carried to their consummation, and the bonds may be issued in aid of a foreign company not within the purview of the statute. It is no answer to say that the court might interfere to restrain the issue of the bonds, or that no valid debt against the corporation could be created for such a purpose. It is not consistent with the proper and orderly exercise of judicial functions that the county judge should be put in a position where he may make a fruitless and abortive adjudication, and the fair construction of the statute protects him from this embarrassment. The direction of the statute is not complied with by naming in the petition a corporation, without designating whether it is a foreign or domestic one. ■ The county judge could not, upon the petition alone, determine whether the desire expressed therein related to a corporation which might receive the aid contemplated by the statute. Its character, as a domestic or foreign corporation, could only be determined by extrinsic proof. The authority conferred by the statute under which the property of tax-payers may he incumbered without their consent, must be strictly pursued. (Jones v. Reed, 1 Johns. Cases, 20 ; People v. Smith, 45 N. Y., 773 ; People v. Hulburt, 46 id., 110; People v. Knowles, 47 id., 415.) If it appears, on a review upon oertiora/ri of the proceedings under *7 it, that there has been a failure to comply with any of its provisions, they will be reversed.
In this case the rights of third persons are not in question, and we can, without injustice to any one, affirm the conclusion we have reached, that the county judge did not acquire jurisdiction of the proceedings, on the ground of the omission to state in the petition that the company named therein was a corporation in this State.
All concur for reversal and dismissal of the proceedings.
Judgment accordingly.