Marshall, C. J.
The single question which has been presented to this court is that of the competency of the evidence of Bivens and Jones relative to the former conviction of Shelton for the commission of one crime, his indictment for the commission of another crime, and the fact that at the time of the killing in the present case he was a fugitive from justice. No question is made by counsel for the accused that the court did not properly instruct the jury in respect to the limitation of the evidence, but it is urged that the evidence was incompetent and so prejudicial in its effect that the limitation upon the jury’s consideration of it in the court’s instructions did not cure the prejudicial effect. The evidence having been adduced by the state as a part of its case in chief it was of course not admissible in a murder trial for the purpose of identifying the accused with this particular crime, which principle was recognized by ithe trial court and fully safeguarded by the instruction given to the jury. It only remains to determine whether the evidence was competent for the purpose of proving motive.
The two witnesses from Birmingham were police officers having personal knowledge of the matters concerning which they testified, and no objection is urged on that ground. Inasmuch as the offense for which he had been indicted in Birmingham, and for which he had not yet been tried, was assault with intent to commit murder, the testimony was highly *247 prejudicial unless the state was entitled to prove it for the purpose of showing motive. The mere fact of the similarity of the crime for which he was being tried and that for which he had been indicted and not yet tried, and on account of which he was a fugitive from justice, vfas of course unfortunate for the accused, but, even so, the testimony was competent, just as much so as though there had been no such similarity. Counsel for the state have cited a number of authorities and have quoted from standard works on criminal evidence, but counsel for the accused offer no authorities by way of denial of the proposition that previous crimes which have not been tried or expiated may be shown by the state in murder cases as a part of its case in chief for the purpose of proving motive. The following authorities have been cited and will all be found to have a direct bearing upon this proposition: Underhill on Criminal Evidence (2 ed.), Section 90, page 166; 2 Wharton on Criminal Evidence (10 ed.), Section 899; State v. Dickerson, 77 Ohio St., 34; Hendrickson v. People, 10 N. Y., 1, 31; Moore v. United States, 150 U. S., 57, 60; Dearborn v. State, 59 N. H., 348; State v. Colling, 181 Mo., 235; State v. Seymour, 94 Ia., 699; Dunn v. State, 2 Ark., 229, and State v. Kent, 5 N. D., 516. The doctrine has been so often declared and is so well settled that it would not be profitable to enter upon a discussion of the authorities cited.
It seems not to be disputed by counsel for the accused that if Dieters knew or suspected Shelton’s participation in former crimes a motive would thereby be shown. It will of course be conceded that such fact would show a more potent motive, and much bet *248 ter reason for committing murder in order to effect an escape; but the authorities agree that it is not necessary that the deceased should have actual knowledge, or even suspect the guilt, of former crimes, but is sufficient if the arrest of the accused would probably lead to discovery and result in his being brought to trial and punished for such former offenses. Motive is a mental state which induces an act. Any evidence which tends to point out an inducement or incentive, or indicates a rational purpose to be subserved, is proper to be submitted to the jury as reflecting upon that mental state.
It has further been urged that the evidence was prejudicial because it was not confined merely to proof of the commission of former crimes which had not yet been tried or punished, but was extended to an exhibition of photographs, and proof of alias names, and other details. We have carefully examined the record to ascertain fully the character of such additional details and we are convinced that counsel for the state did not go farther into details than was necessary, first, to show the commission of former crimes in Birmingham, Alabama, and, second, to establish the identity of Shelton with the commission of those crimes. On the subject of identity it is true that Shelton did not deny that he was the man who killed Dieters; and though he had confessed to his part in that crime his confession did not include his past life or his having been identified with previous crimes for which he had not paid the penalty and because of which he was a fugitive from justice. We therefore hold, both upon principle and upon abundant authority, that for the purpose of proving motive other unexpiated crimes *249 can be shown, and that in this case the evidence of the former crimes was not detailed beyond the point necessary to prove them and to prove Shelton’s identity with them. No other alleged error having been suggested, and finding none in the record, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.