# Chicago & Northwestern Railway Company v. Catharine Howard, Adm'x.

1. Action by next of kin for injuries—Poverty of deceased.—In an action against a railroad company, for the death of a person caused by the alleged wrongful act of the company, evidence of the poverty of the widow and next of kin of the deceased is inadmissable.

2. Dying declarations.—Statements of the deceased as to the manner in which he received his injury, and the cause of it, made after the injury was received, though made with consciousness of impending death, are not competent evidence in an action by the administrator, or next of kin for damages by reason of his death. They cannot be admitted either as part of the *res gestæ*, or as dying declarations.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed August 5, 1880.

Mr. B. C. Cook, for appellant; that the Statute of Limitations was well pleaded to the amended declaration, cited Connett v. Chicago, 8 Chicago Legal News, 323; Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 147; Skowhegan Bank v. Cutter, 49 Me. 315; Woodward v. Ware, 37 Me. 564; Gorman v. Judge, etc. 27 Mich. 139; M. C. R. R. Co. v. Judge, etc. 35 Mich. 227; Woodbridge v. Hathaway, 45 Tex. 380; Sanford v. Scott, 51 Ala. 557; Marble v. Hinds, 67 Me. 203; Hawthorne v. State, 57 Ind. 286; Selma R. R. Co. v. Lacey, 49 Ga. 106.

The rule requiring purchase of tickets before entering the cars is a reasonable one: St. L. A. & T. H. R. R. Co. v. South, 43 Ill.

176; C. &. A. R. R. Co. v. Flagg, 43 Ill. 364; T. P. & W. R'y Co. v. Patterson, 63 Ill. 304; Pullman P. C. Co. v. Reed, 75 Ill. 125.

And this is a question of law for the court: C. B. & Q. R. R. Co. v. McLallen, 84 Ill. 109; Ill. Cent. R. R. Co. v. Whittemore, 43 Ill. 420.

Evidence of poverty of next of kin of the deceased was incompetent: Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379; C. & N. W. R. R. Co. v. Moronda, 12 Chicago Legal News, 210.

Evidence tending to show that the bell was not ringing when the train started was inadmissible: C. B. &. Q. R. R. Co. v. Magee, 60 Ill. 529.

It was improper to admit evidence that other persons rode on the cars without first procuring tickets: Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402.

Statements by the deceased made after the accident, as to the manner in which it occurred were not admissible: Ill. Cent. R. R. Co. v. Sutton, 42 Ill. 438; Binns v. State, 57 Ind. 46; Felt v. Amidon, 43 Wis. 467; Sorenson v. Dundas, 42 Wis. 643; Lund v. Tyngsborough, 9 Cush. 43; Ten Eyck v. Harris, 47 Ill. 268; Marshall v. C. &. G. E. R. R. Co. 48 Ill. 475; Middleton v. Middleton, 31 Iowa, 151; Dailey v. N. Y. & N. H. R. R. Co. 32 Conn. 356; 1 Greenl. Ev. 225; Enos v. Tuttle, 3 Conn. 250; Sessions v. Little, 9 N. H. 271; Commonwealth v. Densmore, 12 Allen 537; Baker v. Griffith, 10 Bos. 142; Roscoe on Ev. 23; Phillips on Ev. 185; Weyrich v. The People, 89 Ill. 94; Linblom v. Ramsey, 75 Ill. 246; M. C. R. R. Co. v. Carrow, 73 Ill. 348; Jenks v. Burr, 56 Ill. 450; Mix v. Osby, 62 Ill. 193; H. & B. T. M. R. R. & C. Co. v. Decker, 3 West. Jur. 517.

Upon the question of contributory negligence: Ill. Cent. R. R. Co. v. Hethrington, 83 Ill. 510; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Baldwin v. Killian, 63 Ill. 550; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499.

Survivorship of widow or next of kin is an essential element of the declaration in such cases: Quincy Coal Co. v. Hood, 77 Ill. 68.

Mr. WALTER B. SCATES, for appellees; that the declarations

of the deceased were admissible as part of the *res gestœ*, cited 1 Greenl. Ev. § 108; Jewell v. Jewell, 1 How. 219; Insurance Co. v. Mosely, 8 Wall. 397; Brownell v. Pacific R. R. Co. 47 Mo. 239; Harriman v. Stowe, 57 Mo. 95; Boyden v. Burke, 14 How. 575; Newton v. Mut. Ben. Life Ins. Co. 2 Dill. 154; Hanover R. R. Co. v. Coyle, 55 Penn. 402; Jordan v. Commonwealth, 25 Va. 943; Monday v. State, 32 G. A. 672; Commonwealth v. Pike, 3 Cush. 181; Fifield v. Richardson, 34 Vt. 410; Stein v. Railway Co. 7 Phil. Leg. Gaz. 223; Entwhistle v. Feighner, 60 Mo. 214; Elkins v. McKean, 79 Penn. 493.

McALLISTER, P. J. The deceased, Cornelius Howard, in his life-time, being at DeKalb station, on a line of defend int's railway, December 9, 1876, and being desirous of proceeding west on defendant's train bound in that direction, undertook to go on to such train when it arrived and had stopped, but was met at the steps of the car he had approached by a brakeman belonging to the train, who prevented him from entering the car because he had no ticket, the former stating to Howard that it was his orders that passengers must have tickets and show them before entering the cars, and referring him to the conductor, who was standing on the platform some little distance away. Before Howard got an opportunity to speak to the conductor, towards whom he had gone, the train started, and Howard, with a satchel in his right hand, and being on the platform on the north side of the train which was going west, attempted to get on while the train was in motion, by taking hold of the iron railing at the side of the steps to the car with his left hand, still having the satchel in his right hand.

No witness testified to having seen any person push, or in any manner oppose this attempt of Howard to get on the train, though several testified to having seen him at the time apparently struggling to maintain his hold upon the railing with his left hand, whilst in his right he still clutched the satchel, he seeming to either have failed to gain any foothold upon the steps, or if he had, to have lost it. At all events, he lost his hold, whatever it was, and fell. His legs went upon

the rail, and were run over by some of the wheels of the moving train, inflicting a severe, and, as the event proves, a mortal injury. He was removed to a hotel, where, after surviving some two or three hours, he died of the injuries so received; and Catharine Howard and Matthew Howard, having been duly appointed administrators of his estate, as such brought suit in the court below, December 18, 1876, against the appellant to recover damages for such injuries. Their declaration, which was filed January 26, 1877, contains but one count; makes no allusion to a widow or next of kin of deceased, and claims damages in the sum of fifty thousand dollars. After the formal part and proper inducement, the cause of action is thus stated: "And the plaintiffs aver that while the said Cornelius Howard, now deceased, was rightfully upon said train at the place aforesaid, and on the day and year aforesaid, he was wrongfully pushed from said train by the servants and employes of said defendant, who had the management thereof, by reason whereof the said Cornelius Howard, now deceased, was run over by said train and then and there killed."

To this declaration defendant, Feb. 5, 1877, pleaded not guilty. But June 27, 1879, on motion of plaintiffs, the court gave them leave to amend their declaration by making the averment that deceased left a widow and four children (naming them), who were dependent upon him for support, and also by striking from the *ad damnum*, the word "fifty" and inserting in lieu thereof "five."

To the declaration so amended, the defendant interposed the plea, that the cause of action therein set out, did not accrue at any time within two years next before the filing of such amended declaration. To which plaintiff replied that the summons in this cause was sued out within two years after the cause of action accrued, and to that replication defendant demurred generally. But the court carrying the demurrer back, sustained it to the plea.

Appellant's counsel have challenged the correctness of this ruling, in their printed argument, but have not assigned it for error. For that reason we shall not pass upon the question.

On the trial, the court permitted the plaintiffs, the defend-

ant excepting thereto, to give evidence of the poverty of the widow and next of kin of deceased. The case of Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379, is a direct authority against the admissibility of that testimony.

The record shows that testimony was given by plaintiffs tending to show that when deceased was being removed from under the train, he said that he should never forgive the conductor for pushing or putting him off the train; which word he used, the witness could not positively say. And the plaintiffs having given evidence tending to show he was conscious of impending death, the court, against the objections of defendant, permitted plaintiffs to give evidence of declarations by deceased made in answer to interrogatories of by-standers, at the hotel just before he died, after the principal transaction was closed as to how he got injured.

The declarations were in substance, that the conductor pushed him off the train, and that it was not the brakeman. To this evidence the proper exception was taken.

The care which was taken by plaintiff's counsel in the court below, to lay the ordinary foundation for the admission of dying declarations, by showing Howard's consciousness at that time of impending death, would seem to show that these statements were offered in evidence as dying declarations.

The case of Marshall v. Great Eastern R. R. Co. 48 Ill. 475, expressly decides that such evidence as dying declarations is inadmissible in any civil case. Hence counsel for appellees now seek to justify their admission on the ground that they were part of the *res gestæ*. But we think the rule as to the admission of declarations which are contemporaneous with, material to, and explanatory of, the principal transaction, as part of the *res gestæ*, cannot be invoked to sustain the statements made by Howard at the hotel as to the cause of his injury, without extending that rule beyond its proper limit and in a dangerous direction; because such statements were made after the principal transaction was past and closed. They were statements of a past occurrence, and resting entirely upon the credit of the person making them. In such case they cannot be regarded as part of the *res gestæ*, but as mere hearsay evidence,

and as such inadmissible.    Lund v. Inhabitants of Tysborough, 9 Cushing, 36; Chapin v. The Inhabitants of Marlborough, 9 Gray, 244; Lane v. Bryant, Ib. 245; Detroit, etc. R. R. Co. v. Van Steinburg, 17 Mich. 107; Binns v. State, 57 Ind. 46; Lorenson v. Dundas, 42 Wis. 642; Felt v. Amidon, 43 Wis. 467; Frink v. Coe, 4 Greene (Iowa), 558; Ill. Cent. R. R. Co. v. Sutton, 42 Ill. 438.

The errors pointed out being such as require the reversal of the judgment, we deem it unnecessary to pass upon the criticisms made upon the instructions or the sufficiency of the evidence to sustain the verdict.    The judgment will be reversed and the cause remanded.

Reversed and remanded.