CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

MATILDA JOHNSON.

*Railroads—Personal Injury—Evidence.*

In an action against a railroad company to recover for injuries alleged to have been caused by the negligence of a conductor in assisting the plaintiff to alight from a train, it is *held:* That the evidence does not sustain the verdict for the plaintiff; and that evidence of the value of services of her daughters, who made no charge for such services, was improperly admitted.

[Opinion filed December 9, 1887.]

Appeal from the Circuit Court of Peoria County; the Hon. T. M. Shaw, Judge, presiding.

Messrs. O. F. Price and Jack & Tichenor, for appellant.

Messrs. L. Harmon and McCulloch & McCulloch, for appellee.

The passenger is justified in obeying the instructions of the conductor in regard to entrance and exit to and from the cars and in changing from one train to another. C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 111, 162; Allender v. C., R. I. & P. R. R. Co., 43 Iowa, 276; St. L., I. M. & S. R. R. Co. v. Cantrell, 37 Ark. 519; McIntyre v. N. Y. Cent., 37 N. Y. 287.

Carriers of passengers must afford all needful accommodations to enable them to alight from the conveyance. K. & N. L. P. Co. v. True, 88 Ill. 608; Eagle Packet Co. v. Defries, 94 Ill. 598; I. C. R. R. Co. v. Slatton, 54 Ill. 133; Imhoff v. C. R. R. Co., 20 Wis. 344; Memphis R. R. Co. v. Whitfield, 44 Miss. 466.

Assistance rendered by conductors is within the line of their duty, and negligence therein renders principals liable. Drew v. Sixth Ave. R. R. Co., 26 N. Y. 49.

Crippled and infirm persons are entitled to more consideration on account of their infirmities. Colt v. Sixth Ave. R. R. Co., 1 Jones & Spencer, 190; Del. & Lac. R. R. Co. v. Naphlays, 90 Pa. St. 135; Sheridan v. R. R. Co., 36 N. Y. 39; O'Mara v. R. R. Co., 38 N. Y. 445.

Lacey, J. This is a suit brought by the appellee to recover damages for injury to her right leg and knee, interfering with her power of locomotion, resulting from a fall in 1885 while changing cars at Galesburg from one branch of appellant's road to another, the fall being occasioned as is alleged by the carelessness of the conductor on appellant's train who was assisting her to alight from the platform or steps of the car to the landing below.

The appellee claims that the conductor held out his arms as if to assist her and when she attempted to take hold of him or rely on his assistance he suddenly removed them and let her fall, by which she was greatly injured. The conductor, however, says the appellee was falling before he attempted to assist her. The damages claimed are $5,000 and the jury gave her the full amount.

It is argued by counsel for appellant that the proof failed to support the allegation of negligence, or the amount of damages recovered.

It seems that the right leg was somewhat shorter than the other and larger at the knee joint and ankle and that appellee was disabled in her power to walk without crutches. But the decided preponderance of the evidence shows that the condition of the limb was caused by a fracture of the neck of the thigh bone which had been broken off where the socket goes into the hip bone several years before the accident in Galesburg.

Dr. Thomas attended her for this injury and states that it left a lameness so she had to walk with a cane, and that there was shortening of the limb in consequence.

Dr. Stewart testifies, that there is cracking or grating to be felt in the knee joint and something of that kind in the ankle but not so much. That this indicates dryness of the parts and that there has been excessive inflammation in the parts, etc. He attributed this condition to some old injury resulting in a low grade of inflammation and it has continued a long time.

Drs. Santhord and Dickenson, who attended appellee at the time of the alleged injury, both state that she told them that at the time they called on her professionally the enlarged condition of the leg was caused by the injury to the thigh bone. Appellee and her two daughters deny that she made the statements, but as far as we discover from the record they do not testify that such was not the case.

These two attending physicians testify that the injury they were called on to treat consisted, to outward appearances, of a small red spot just below the knee about the size of a quarter of a dollar and that in their opinion the injury was a simple

sprain of the muscles or tendons about the knee which was not permanent in its nature.    It may be admitted that there was slight evidence to the contrary but to our minds it seems clear that there was no sufficient injury shown resulting from the accident complained of as would justify a large verdict for damages saying nothing of the amount found by the jury, $5,000.

It would seem that the jury must have given her compensation for the damages resulting from the injury to the thigh bone as well as those resulting from the fall at Galesburg. The evidence was also meagre to show that the injury at Galesburg was more the negligence of the conductor than of appellee.    We will not undertake to canvass that evidence in detail as the cause must be retried and such course would serve no useful purpose.    The other errors assigned it will not be necessary to notice, as, if any exist, they will no doubt be corrected on a new trial, with the exception, we may state, it was error to admit in evidence the value of the services of appellee's own daughters, who made no charge for their services.

The judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*