# THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
## v.
## MATILDA JOHNSON.

*Railroads—Personal Injuries—Evidence—Annuity Tables—*Res Gestæ.

1. In an action against a railroad company for personal injuries, a statement by the plaintiff, in the presence of the conductor, soon after the injury, that he let her fall, is not admissible as part of the *res gestæ.*

2. In such action annuity tables are not admissible to show how long plaintiff is likely to live, to endure the pain resulting from the injury.

[Opinion filed June 21, 1890.]

APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. O. F. Price and Jack & Tichenor, for appellant.

Messrs. L. Harmon and McCulloch & McCulloch, for appellee.

*Per Curiam.* This is the same cause, once before this court, on appeal from a former trial, and reversed and remanded, and will be found reported in 24 Ill. App. 468. It is not necessary to restate the facts, as they will sufficiently appear by reference to the opinion in that case. The trial below, in this instance, resulted in a verdict for appellee for $3,000, upon which judgment was rendered by the court and from which this appeal is taken, and reversal asked on several grounds. The admission, in evidence, of the statements of appellee, made just subsequent to the accident, in answer to her daughter, who asked her the question how the accident happened, is, among other things, assigned for error. Her answer, objected to, was " he (meaning the conductor), let me fall," the conductor, who stood by, making no reply. By this evidence it was attempted by appellee to fasten on the conductor an implied admission that such was the fact, the very question then in dispute, and to hold the appellee bound by it. It is insisted by counsel for appellee that the statement of appellee was a part of the *res gestœ* and admissible in evidence as such. After an examination of the authorities cited on either side, and such others as are at hand, we are of the opinion that it can not be regarded as forming a part of the *res gestœ,* but merely the relation of a past transaction. The statement made by appellee was not explanatory of an act then transpiring, but was a statement of an occurrence, as she claimed, which had happened very recently. C. W. D. R. R. Co. v. Ecker, 128 Ill. 545; Cumins v. Leighton, 9 Ill. App. 186; I. C. R. R. Co. v. Sutton, 42 Ill. 438; C. & N. W. R. R. Co. v. Howard, 6 Ill. App. 569; Cleveland, etc., v. Mara, 26 Ohio St. 135; Williamson v. C. R. R., 144 Mass. 148; People v. Davis, 56 N. Y. —; Martin v. N. Y., etc., R. R. Co., 103 N. Y. 626; V. & M. R. R. Co. v. O'Brien, 119 U. S. 99; and many other cases might be cited.

The case of I., L. & N. A. R. R. Co. v. Beach, 116 Ind. 566, cited by appellee, and other like cases, is not approved of in this State.

The court, therefore, erred in admitting the objectionable evidence, which must have been very damaging, it taking place so soon after the accident.

The court also erred in admitting the annuity tables in evidence, to show appellee's expectation of life. It is insisted that such evidence was proper, by way of showing the probable duration of life of appellee, in order to show how long she is likely to live, to endure the pain and suffering caused by the injury, thereby swelling the damages, it being argued that, by law, she has a right to recover for such suffering, and that it should be measured by time. We are of the opinion that such proof is not competent for such purpose. It may be competent to show, by annuity tables, the value of life interests in property or money, but we have never known them to be used in cases like this. This class of proof would be too shadowy and fictitious to be of value, and liable to mislead the jury and induce them to think that pain and suffering were fixed and certain quantities, capable of being accurately measured and estimated by duration of time, which would tend to swell verdicts in this class of cases unjustly and immoderately. Hence, such evidence is never allowed. The damages recovered, in view of the injury received, as shown by the evidence, seem to us excessive.

It is suggested by counsel for the appellee that the annuity tables were not, in fact, read to the jury, but on examination of the bill of exceptions, we find they were.

For the reason above given, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*