# The Springfield Consolidated Ry. Co. and The Springfield Transfer Co. v. Eleanor Puntenney.

1. NEGLIGENCE—*When No Distinction of Proximate and Remote Causes.*—Where a street car company and a transfer company, through their negligence, cause an injury, the forces causing it being contemporaneous and continuous, without the introduction of any other or new impulse contributory to the negligence, the liability is contemporaneous, and while one or the other might have prevented the injury, they together caused it. There is no distinction of proximate and remote causes; both companies contribute the proximate cause of the injury.

2. EVIDENCE—*Improper to Ask a Witness Whether He Has Used Due Care.*—It is improper to ask a witness whether he has done all that was possible to avert an accident, without any qualification as to care or circumstances. It is equivalent to asking him if he has used due care, that question being for the jury.

3. SAME—*When Conversations Are Not Admissible as Part of the Res Gestæ.*—Under certain circumstances, where statements or admissions form part of the *res gestæ*, they may be admitted, but not where the conversation is entirely disconnected from the circumstances surrounding the event in interest and forms no part of the chain of events leading up to and forming the event, being but a mere recital of what occurred.

4. INSTRUCTIONS—*Failure to Limit Negligence to That Charged Is Not Error*—Failure of an instruction to limit plaintiff's right to recover to the particular negligence charged is not error, where there is no other negligence proved or in any way disclosed to the jury and other instructions contain the limitation.

5. SAME—*Instructions Covered by Others Given.*—Where instructions taken as a whole present the right of the defendants as fully as their interest demands, and nothing material in the refused instructions was omitted in those given, the defendants are not prejudiced by such instructions being refused.

6. SPECIAL INTERROGATORIES—*Must Be Based on the Ultimate Facts.*—Special interrogatories, to be properly submitted to a jury, must be based on the ultimate facts to be found, and when based on merely evidentiary facts are properly refused.

7. DAMAGES—*When $10,000 Not Excessive.*—When a lady, twenty-five years of age, of excellent health, a graduate of music and well qualified to teach vocal and instrumental music, receives injuries of which there is little hope of her recovery, a verdict for $10,000 is not excessive.

**Trespass on the Case.**—Personal injury. Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

DAVIS McKEOWN, BLUFORD WILSON and PHILIP BARTON WARREN, attorneys for the Railway Co., SCHOLES & BARBER, attorneys for the Transfer Co., appellants.

T. E. LYON and JAMES M. GRAHAM, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

A judgment for $10,000 was entered against appellants in favor of appellee upon the verdict of a jury disposing of the issues tried; and by this appeal a reversal of that judg-

Springfield Consolidated Ry. Co. v. Puntenney.

ment is sought on the representation that the verdict is not supported by the law and the evidence, that the court erred both in rulings as to competent evidence and in instructions to the jury, and by refusing certain special interrogatories for the jury's answers, and erroneously refused to appellants, separate trials; and that the damages awarded are excessive, the result of passion and prejudice of the jury.

The evidence discloses that appellee, concluding a visit in Springfield, in approaching the railroad depot in a cab of appellant transfer company, was about to be carried across the tracks of appellant railway company in front of one of its cars, rapidly advancing, when the driver of the cab in a moment of indecision first checked the horse, then urged him on, so that the street car struck the cab and seriously, if not permanently, injured appellee. The brakes on the car were applied, but too late to avoid collision; and each appellant advocates the liability of the other in exclusion of its own. It is conceded, is at least incontestable from the record, that appellee was in the use of ordinary care. It appears that snow had fallen and the streets and rails were slippery, and for that reason the driver of the cab feared that to turn the horse sharply would throw it down; and the driver of the car could not easily stop.

The strife between appellants is argued upon the assumption of a remote and a proximate cause for the injury; but the facts do not warrant such distinction. Neither appellant labored under any special excusing circumstances except such as might arise from the difference in motive power, and are more or less speculative, and both owed a common duty to appellee—to observe ordinary care, that she might pass the crossing safely; and the injury would not have resulted had one obeyed. Each driver could and did see the other for a sufficient distance from the point of crossing to avoid collision by the use of ordinary care; but each expecting the other to do that, neglected it himself. The forces were contemporaneous and continuous, without the introduction of any other or new impulse contribut-

ing to the injury. So the liability was contemporaneous; and while one or the other might have prevented, they together caused the injury and are both alike responsible. That being true, the distinction of proximate and remote causes does not arise; both contributed the proximate cause of the injury. With that condition of the record the court properly refused appellants' motions to direct a verdict.

The motions for separate trials and any matter in support of them in the trial court are not preserved in the bill of exceptions or shown by the abstract of the record. The burden of showing that the action of the court in these instances was in derogation of any right is upon appellants; and in the absence of any such showing the court must decline to consider or to pass any further opinion relating thereto.

The driver of the car as a witness was asked by appellant railway company, "Do you know of anything that you could have done, that you did not do, to avoid that collision there?" and the action of the court refusing to permit an answer is referred to as prejudicial error, with Rock v. Chicago City Ry. Co., 173 Ill. 289, mentioned and relied upon in support of the position. From anything contained in the authority cited we are unable to say the contention of appellant is therein supported. It is evident the question was designed to elicit the opinion of the driver that he had done all that was possible to avert the accident, and this without qualification as to care or circumstances—asking the witness to determine whether he has used due care. Such questions have repeatedly been held improper and it was so in this case; that question was for the jury.

Within a minute after the accident happened a witness, called by appellant railway company, engaged the cab driver in conversation, and it was sought to introduce this conversation in evidence by appellant to prove statements or admissions of the cab driver assumed to be material; and the action of the court refusing to allow the same is presented as error. It is true that under certain circum-

stances, where statements or admissions form part of the *res gestæ*, they may be admitted; but never, as we understand the rule, where the conversation, such as this must have been, is entirely disconnected from the circumstances surrounding the event in interest. This conversation was no part of the chain of events leading up to and forming the accident, but was at best a mere recital of what had occurred, and its binding character as *res gestæ* is therefore lost. It was not presented in the form of impeachment of the cab driver, who testified for appellee; and its materiality is not seen, which is a burden upon appellant, not sustained. The ruling of the trial court was not error.

It is urged on the attention of the court, and said to be the basis upon which appellant railway company presented its case, that the declaration counts the speed of the street car as the negligence which on its part caused the injury; and many of appellant's instructions were asked upon this theory. We have, we think, carefully examined the declaration and while language ascribing great speed to the previous charge of negligence contained in the declaration, namely, that the defendants, not regarding their duty, so carelessly, unskillfully and negligently conducted themselves, by and through the negligence and default of their servants, and for the want of due care and caution in the performance of their duties, the cab and the street car came into collision, the latter at the time being run at a great rate of speed, a speed of fifteen miles an hour. It is unreasonable to construe the language of the declaration as contended by appellants, confining it to the single charge of excessive speed in exclusion of the other averments. The substance of the declaration amounts to this, that defendant railway company, while its car was running at the speed described, so carelessly and negligently managed it that the collision was thereby occasioned. Had the car been properly managed, by reducing its speed, or stopping it, if necessary, no accident would have happened. It is impossible to separate the care or control of the car from its speed; without motion there could have been no injury—

and with both motion and due care no injury could have happened—is, we think, the true theory of the declaration. While such charge of negligence is general in character, and might have been obnoxious to a demurrer had one been interposed, which was not, yet appellants went to the trial upon the declaration, as it was without objection to its sufficiency, and we think, therefore, that it was competent for the court, as it did, to admit the evidence that was introduced and based its instructions upon it. It follows, then, that the instructions founded on this contention of appellants were properly refused; and modifications eliminating the same from given instructions were proper. The material matter of all other refused instructions we find was contained in others given. We have no doubt certain inaccuracies pointed out in the instructions given for appellee exist; but it is not observed that the same constitute prejudicial error. In two of these instructions the jury is told that if they find the defendants guilty of negligence they may impose damages, without referring to the negligence charged in the declaration. This omitted element is, however, supplied in other instructions; and taken together with all the instructions, the answers of the jury to the special interrogatories and the fact that the evidence was confined to the negligence charged in the declaration, it is difficult to see how the jury could have been misled; indeed they were not, and the error did no harm. (West Chicago St. R. R. Co. v. Musa, 180 Ill. 130.) These instructions, moreover, are not in conflict with each other, and so may be all read together as a whole. It is also complained that the instructions of appellee should have told the jury that the degree of care to be observed by appellant transfer company was the highest degree of care and not merely ordinary care. If this was error as contended, it was acquiesced in and induced by appellant railway company, who complains, as its instructions asked and given by the court are identical, as relates to this matter, with those of appellee, and for such reason it can not be heard to complain. The instructions as a whole presented the rights of

appellants as fully as their interests demanded; and nothing material in the refused instructions was omitted in those given. Nine special interrogatories for the jury's answers were requested; six were refused and three given and answered—that the failure of the driver of the cab to exercise due care was the proximate cause of the injury; that the rate of speed of the street car was the proximate cause of the injury and that the rate of speed of the car was negligence under all the facts and circumstances of evidence. The refused interrogatories were, whether the injury was the natural and unbroken sequence of the speed of the car; whether the motorman ought to have foreseen as likely to follow from the speed of the car, under all the facts and circumstances in evidence, that the driver of the cab would drive in front of the car under the circumstances proved; if the rate of speed of the car was negligence; whether the injury was the natural one flowing directly and immediately in unbroken sequence from the speed of the car, without any possible intervening and probable efficient cause, to which the injury might have been due in whole or in part; whether the failure of the driver of the cab to use due care was a remote cause of the injury; whether appellee would have sustained the injury if the driver of the cab had used due care in attempting the crossing and whether the speed of the car was a remote cause of injury. These interrogatories, to be properly submitted to a jury, must reach the ultimate facts to be found, and by this test they are seen to be included in the interrogatories submitted, and therefore merely evidentiary of the facts found by the answers to them; and as such were properly refused. C. & A. Ry. Co. v. Winters, 175 Ill. 293.

The evidence of a witness called by appellant railway company was admitted by the court, showing a conversation with appellee some hours after the injury, in which appellee said to the witness that the collision was the fault of the cab driver and he could have avoided it if he had been attending his business; and it is urged that this was prejudicial to appellant transfer company. The effect of

the testimony was fully explained by the court to the jury both at the time of its introduction and by the instructions, and it must be clearly evident that it was alone considered as affecting the appellee and the street car company. The jury evidently did not believe it excused the latter from liability, and to that extent it was material.

The court is then asked to find that the damages are excessive. With proof before us of the character and capabilities of the injured young woman and the nature of her injuries, coupled with the entire absence of the appearance of passion or prejudice in the jury, we can not hold the amount of damages excessive. Cases are not infrequent where persons injured to a like extent with appellee recover like sums or more, and the judgments are sustained. The appellants were accorded a fair and impartial trial and it appears that no omission was made by the appellants of the strongest presentation of their case. The trial court who heard and saw the witnesses and observed the jury approved the verdict and we find no reason to dissent from such action. The judgment of the Circuit Court is affirmed.