### Chicago City Railway Co. v. Anthony White.

1. EVIDENCE—*What is Not a Part of the Res Gestæ.*—A conversation which took place after the incident was closed and had no connection with it, can not be regarded as part of the *res gestæ.*

2. SAME—*Test as to Whether a Declaration is a Part of the Res Gestæ.*—The true test as to whether a declaration is part of the *res gestæ* is whether the declaration is a verbal act, illustrating, explaining or interpreting other parts of the transaction of which it is itself a part, or is merely a history or a part of a history of a completed past affair. In the one case it is competent, in the other it is not.

3. SAME—*Practice Where, Over Objection, Incompetent Evidence Has Been Received in a Jury Trial.*—Where, over objection, incompetent evidence has been received in a jury trial, it must appear that the verdict rendered was not affected by it, or the judgment will be reversed, even though it was afterward stricken out. Such testimony may influence the jury, notwithstanding the efforts of the court to counteract it.

4. SAME—*Motion for Judgment Non Obstante Veredicto, Can Not be Allowed When Presented by the Defendant.*—A motion for a judgment *non obstante veredicto* can not be allowed when presented by the defendant. It is a privilege given solely to the plaintiff.

5. SAME—*What is Necessary in Order that a Special Finding Shall be Controlling.*—In order that a special finding shall be controlling, it must not only be inconsistent with the general verdict, but it must be irreconcilable with that verdict so as to be incapable of being removed by any evidence admissible under the issues.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed October 8, 1903. Additional opinion filed November 16, 1903.

WILLIAM J. HYNES and SAMUEL PAGE, attorneys for appellant; NATHANIEL C. SEARS and MASON B. STARRING, of counsel.

GOODRICH, VINCENT & BRADLEY, attorneys for appellee; WARREN NICHOLS, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an action for personal injuries received August 15, 1897. On that day appellee, then fourteen years of age, was riding upon the west footboard of one of appellant's cars going north along State street in the city of Chicago. While the car was in motion and not at a street crossing, he jumped from the car in front of another car belonging to appellant going south upon an adjacent track, thereby receiving the injuries of which he complains.

The jury returned a verdict finding defendant guilty, and assessing plaintiff's damages at $7,500. They also returned a special finding, to wit:

"Has the plaintiff proved by a preponderance of all the evidence in the case that the defendant's employe willfully injured plaintiff or willfully caused him to be injured? Answer: 'No.'"

Appellant entered a motion for judgment *non obstante veredicto,* which motion was overruled.

Appellant's motion for a new trial was overruled and judgment was entered upon the verdict, from which it perfected this appeal.

George W. Geary, a witness called by appellee, testifies that he noticed a boy on the west side of the car standing on the footboard; that the conductor rushed through the aisle of the car; that the boy jumped off the car in front of the train that was going south which struck and ran over him, and that the north-bound car ran 100 feet after the boy was hurt before it stopped. He further testified, over repeated objections and exceptions by counsel for appellant, that after the car had stopped and the boy was being carried to the sidewalk, and about one minute after the accident, he turned to the conductor and said, "I suppose you are satisfied now; you have probably killed that boy." The conductor answered, "I have orders to

drive those boys off, and I must do it." The witness continued:

"I said to him that he ought to use a little judgment, even driving boys off; that I didn't believe it was necessary to kill boys in order to prevent them from jumping on and off cars. 'Well,' he says, 'I know my business,' and I says 'I doubt whether you do or not. I am going to write a letter to the company,' I says, 'stating what I have seen today, and stating your actions; I don't believe,' I says, 'that you are a competent conductor to run any car. In fact,' I says, 'passengers are in danger of their lives, in my estimation, under your conductorship.' Just then an officer came up and I asked him if it was not rulable to arrest conductors under conditions of this kind."

"Mr Page: That is outside the conversation. I ought to object to it. I wish to preserve an objection and exception."

"The Court: You asked the officer, did you?" "A. The police officer. He came up to the conductor at the time awhile, but the conductor went off and the officer said he would take care of the matter. That about ended our conversation, for a crowd gathered around. I didn't have anything more to say However, I wrote a letter to the company stating what I had seen and my judgment of the actions of the conductor. I saw some one connected with the company in response to that letter."

"Mr. Page: If that is finished I want to renew my objection to each sentence and phrase he has stated."

"The Court: I doubt whether this conversation is admissible. I don't think that is proper."

"Mr. Page: I move to strike it out."

The Court: Yes, it may go out, all of it."

This conversation, which took place after the incident was closed and had no connection with it, can not be regarded as part of the *res gestæ.* It was history and not a part of the accident. Hence it was mere hearsay evidence, and as such inadmissible.

In Chicago W. D. Ry. Co. v. Becker, 128 Ill. 545, it was claimed that the deceased, a boy, had been thrown from a street car, thereby causing his death. After his injury he got up and was going to the sidewalk, or had just reached it, when he was asked what was the matter. He replied that the conductor caught him by the arm and threw him

off the car. This evidence was admitted over objection. Upon appeal the Supreme Court say:

"We think that the admission of proof as to what was said by the deceased, under the circumstances thus detailed, was erroneous. The declarations were not a part of the *res gestæ*. They were not made at the time of the accident, nor did they explain or characterize the manner in which the accident occurred. They were not concurrent with the injury, nor uttered contemporaneously with it so as to be regarded as a part of the principal transaction. They were made after the injury was received and were merely narrative of what had taken place. They were spoken by the deceased as his answer, when he was asked 'what was the matter.' The true inquiry, according to all the authorities, 'is whether the declaration is a verbal act, illustrating, explaining or interpreting other parts of the transaction of which it is itself a part, or is merely a history or a part of a history of a completed past affair. In the one case it is competent, in the other it is not.'"

That this is the well settled law of this state is also shown by the following cases: C. & N. W. Ry. Co. v. Fillmore, 57 Ill. 265; Pennsylvania Co. v. McCaffrey, 173 Ill. 169; C. & N. W. Ry. Co. v. Howard, 6 Ill. App. 569; C., B. & Q. R. R. Co. v. Johnson, 36 Ill. App. 564; Springfield C. Ry. Co. v. Puntenney, 101 Ill. App. 95.

It is urged by appellee that the court, in the presence of the jury, finally excluded this evidence; and that therefore appellant was not thereby prejudiced.

Where, over objection, incompetent evidence has been received in a jury trial, it must appear that the verdict rendered was not affected by it, or the judgment will be reversed, even though it was afterward stricken out. Such testimony may influence the jury, notwithstanding the efforts of the court to counteract it. Adams v. Russell, 85 Ill. 284; Penfield v. Carpender, 13 Johns. 350; Erben v. Lorillard, 19 N. Y. 299; Rogers v. State, 60 Ark. 76.

The main issue here was whether or not appellant was guilty of negligence as charged in the declaration. This evidence strongly tended to determine that question against appellant. We can not say that the jury, having

heard this evidence, could entirely exclude it from consideration when they came to form their verdict. For this error we are compelled to reverse the case.

While we think the special finding is inconsistent with the general verdict, and therefore should have prevailed over it (Sec. 58c, Ch. 110, R. S. 1901; C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132; Ebsery v. Chicago City Ry. Co., 164 Ill. 518), appellant did not move for judgment upon it. The motion made was for judgment *non · obstante veredicto*. Such a motion can not be allowed when presented by the defendant. It is a privilege given solely to the plaintiff. "Judgment of *non ' obstante veredicto* is a judgment rendered in favor of the plaintiff without regard to the verdict obtained by the defendant." Bouv. L. Dic., title, Judgment; Teehan v. Union Bridge Co., 84 Ill. App. 532; Shinn's Practice, Sec. 984. By not making a motion for judgment upon the special finding in the trial court, appellant is estopped to raise that question here.

As this case must be sent back to the trial court, the consideration of other points presented by counsel is unnecessary.

The judgment of the Superior Court is reversed and the cause remanded.

### ADDITIONAL OPINION.

Since the opinion was handed down in this case appellant, by motion, has called attention to a mistake of fact contained in that opinion. Therein it is said:

"While we think the special finding is inconsistent with the general verdict, and therefore should have prevailed over it (citing the statute and cases), appellant did not move for judgment upon it. The motion made was for judgment *non obstante veredicto*. Such a motion can not be allowed when presented by the defendant."

So reads the common law record. Appellant calls our attention to the bill of exceptions where the motion actually made by it was a request to the court to enter judgment in its favor upon the special finding rendered in said cause. The common law record is made up by the clerk of the trial court, while the bill of exceptions is made up

by the judge who tried the cause. The proper place for a motion for judgment for the defendant upon a special finding is in the bill of exceptions. Hence when the common law record and the bill of exceptions contradict each other in that particular, the latter governs. It follows that the opinion, so far as quoted, is wrong in its facts, and therefore incorrect in its conclusions. This error has led us to re-examine the declaration and the special finding in this case.

The first count of the declaration sets up the possession and operation of the street railway by appellant; its duty in the control and management of its cars and in the employment of competent and capable persons to handle said cars; yet, etc., the conductor of said car "then and there negligently and willfully, in his capacity of conductor and servant of defendant, suddenly and without warning, and with great violence, and in a threatening manner, with intent to frighten plaintiff and eject him from said car, jumped at and rushed upon plaintiff, who was riding as aforesaid upon, to wit, the west side of said car," etc.

The third count charges the doing of substantially the same acts by the conductor "negligently and willfully."

The fourth count charges that the same acts were done "negligently and carelessly, and without the exercise of common intelligence and prudence."

The fifth count charges that the same acts were done "negligently and imprudently and without right or reason."

It thus appears that the first and third counts charge the acts as done willfully, while the fourth and fifth counts allege that the acts were done negligently. Under the two latter counts a recovery could be had for negligence that was not willful.

The special finding with its answer reads:

"Has the plaintiff proved by a preponderance of all the evidence in the case that the defendant's employe willfully injured plaintiff, or willfully caused him to be injured?"
" No."

This special finding does not cover the entire declara-

tion. Without intending to willfully injure appellee the conductor may have intended to drive him from the car, and with that end in view may have advanced upon him in a way and manner that was negligent, imprudent and unreasonable.

In order that a special finding shall be controlling it must not only be inconsistent with the general verdict, but must be irreconcilable with that verdict so as to be incapable of being removed by any evidence admissible under the issues. (C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132, 148.) Viewed in the light of the declaration and of this rule of practice as laid down by our Supreme Court, this special finding, while it is inconsistent with, is not irreconcilable with the general verdict, and therefore does not control it. Taking the verdicts together it must be presumed that the jury found the appellant guilty of mere negligence—that is, of negligence without the epithet of "willful."

For these reasons we are still of the opinion that the cause should be reversed and remanded, and it is so ordered.