### Charles L. Boyd, Admr., v. West Chicago Street Railroad Company.

#### Gen. No. 11,094.

1. RES GESTÆ—*what not part of.* A statement made by one deceased concerning the manner in which he sustained the injury which resulted in his death, not at the time when the accident occurred but a minute or more afterwards, is not competent as part of the *res gestæ.*

2. RES GESTÆ—*what part of.* The true inquiry in determining whether a particular statement is a part of the *res gestæ* is whether the declaration is a verbal act, illustrating, explaining or interpreting other parts of the transaction of which it is itself a part, or is merely a history or a part of a history of a completed past affair; in the first case it is competent, in the other it is not.

3. OFFER OF PROOF—*when, essential to review action of court in excluding evidence.* Where questions are propounded to witnesses, objected to, and the objections sustained, the action of the trial court in such respect cannot be reviewed where there is nothing in the record to show what was so sought to be proven.

Action on the case for death caused by alleged wrongful act.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Heard in this court at the March term, 1903.   Affirmed. Opinion filed January 25, 1904.

A. B. CHILCOAT and W. P. BLACK, for appellant.

JOHN A. ROSE and LOUIS BOISOT, for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant's intestate, Samuel B. Divelbiss, while on duty as conductor of appellee, in charge of one of its electric street railway cars, was injured March 16, 1899, and died as the result of such injury. His administrator brought this action to recover damages for the benefit of his widow and infant son. There was no eye witness of the circumstances of the accident, and the only question in the case is as to whether the trial court erred in sustaining an objection to the following question, which was asked of the motorman of the same car of which deceased was the conductor, to-wit: " What, if anything, did Mr. Divelbiss say to you as to the manner in which he came to fall from the car ? " Also, as to whether it was error to sustain an objection to a similar question asked of a police officer who was present, as it is claimed, and heard the said alleged answer of deceased. Without an answer to these questions it is clear from the record that no right of recovery was shown by the evidence, and it is claimed that the questions should have been permitted to be answered because they call for a conversation which is a part of the *res gestæ* of the accident.

It appears from the evidence that the conductor, when the car left Walnut street as it proceeded south on Robey street in Chicago, gave the motorman two bells to go

ahead; that the motorman started the car and ran nearly a block, when some one shouted that the conductor had fallen off, and that he then stopped the car and went back to where the conductor was, who had then gotten up and was coming toward the car. The motorman then had a conversation with deceased as to how he came to fall from the car. Just how long a time elapsed after deceased fell from the car, does not appear from the evidence, but it is apparent it must have been a minute or more for the car had run about one block, from Fulton near to Walnut street, was reversed and went back over about the same distance before the alleged conversation took place. We think that the learned trial judge did not err in sustaining objection to the questions. What the deceased then said was clearly not a part of the *res gestæ*. It was not said at the time when the accident occurred, and at most could only have been a narrative of what had taken place a minute or more before the conversation. The question calls for a statement by deceased in explanation "as to the manner in which he came to fall from the car." The Supreme Court in C. W. D. Ry. Co. v. Becker, 128 Ill. 545-8, in speaking on this subject, said: "The true inquiry, according to all the authorities, is whether the declaration is a verbal act, illustrating, explaining or interpreting other parts of the transaction of which it is itself a part, or is merely a history or a part of a history of a completed past affair. In the one case it is competent, in the other it is not." To a like effect in principle are the following cases: Springfield Ry. Co. v. Hoeffner, 175 Ill. 635-43; S. C. Ry. Co. v. Puntenney, 101 Ill. App. 95-9, affirmed in 200 Ill. 9-16; Montag v. People, 141 Ill. 75-82; City v. McKechney, 205 Ill. 372-471; Muren C. & I. Co. v. Howell, 107 Ill. App. 1-7; L. S. E. Ry. Co. v. Shaw, 203 Ill. 39-44. Cases relied on by appellant from other jurisdictions seem to sustain its contention, but the decisions in this state are controlling.

Another reason why this judgment must be affirmed, is that there is nothing in the record to show what was ex-

pected to be proven in answer to the questions propounded to the witnesses.    For all that appears the witnesses would have answered in a way that would have shown no liability on the part of appellee.    We cannot therefore determine, for that reason, even if the conversation was part of the *res gestæ*, that it was error to sustain the objections.    Finley v. W. C. S. R. R. Co., 90 Ill. App. 368–75; Maxwell v. Habel, 92 Ill. App. 510–12; Brick Co. v. Ashby, 198 Ill. 562–5.

The judgment of the Superior Court is affirmed.

*Affirmed.*