## Lena B. Mathes, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,956.

1. EVIDENCE—*hearsay.* In an action for personal injuries testimony of a gymnasium instructor as to exercises taken by plaintiff previous to the accident should be stricken where such instructor testifies that she did not teach plaintiff's section of the class and had never taught her and that she did not know the name of any other person in such section.

2. EVIDENCE—*statements of bystanders at time of an accident.* In an action for personal injuries a statement by plaintiff that those around her a few minutes after the accident said "you are badly hurt" is no part of the *res gestæ* and its admission is prejudicial error.

3. EVIDENCE—*cross-examination of physician as to plaintiff's description of accident to him improper.* On cross-examination of a physician called by defendant to attend plaintiff who was injured when alighting from a street car, it is error to admit testimony to the effect that plaintiff told him that she was injured on a certain car at a certain street and that the car started while she was getting off and she fell forward.

Appeal from the Superior Court of Cook County; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed March 4, 1913. Rehearing denied March 25, 1913.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; Leonard A. BUSBY, of counsel.

POPE, HOIG, FULLER & NICHOLS, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Lena B. Mathes, appellee, hereinafter called plaintiff, recovered a judgment in the Superior Court against appellant, Chicago City Railway Company, hereinafter called defendant, for damages for personal injuries alleged to have been sustained through negligence in operating a street car on which plaintiff

was a passenger. The verdict was for $8,000. The court required a remittitur of $4,000, and entered a judgment for $4,000.

It appears that plaintiff and a Mrs. Hess, who both lived in the southern part of the city of Chicago, on November 27, 1908, entered a "pay-as-you-enter" car of the defendant at Wabash avenue and Randolph street, intending to go to Sixty-first street and there transfer to an east-bound street car which would take them near their homes. Plaintiff stepped off the car and fell to the ground at a point about 100 or 110 feet north of Sixty-first street. Plaintiff testified that she was thrown forward, the front part of her body only striking the ground. It is claimed that as a result of the accident plaintiff suffered severe and permanent injuries to her pelvic organs and that uterine hemorrhage followed and nervous disorders and other injuries.

The negligence averred in the original count and additional counts is that the defendant carelessly and negligently caused the car to be suddenly and violently started and moved while the plaintiff was in the act of alighting therefrom.

Upon the evidence produced on the trial, the question of liability of the defendant is extremely doubtful. That the plaintiff received the injuries claimed by her as a result of the accident is denied. It, therefore, became especially important that the cause should be submitted to the jury upon proper evidence and correct instruction as to the law.

Gertrude Dudley, the director of the women's gymnasium of the University of Chicago, was called as a witness by plaintiff. She testified that she knew the plaintiff; that she was registered in the gymnasium department October 5, 1908, and her last attendance was November 25, 1908; that when she became a student she was subjected to the regular physical examination, and thereupon entered the elementary class and did gymnastic work. She then described the

work which plaintiff did. On cross-examination she testified that the plaintiff was in the elementary class which varied in number from 225 to 350, and was in four sections. She did not know the name of any other person who was in the plaintiff's section and did not remember whether the plaintiff told her previous physical history in her examination; that the witness was not the only teacher of gymnastics at that time; that she had three assistants and that she personally taught one of the sections; but not the one plaintiff was in, and had never taught her. Counsel for the defendant then moved to strike out the witness' testimony as to what exercises the plaintiff took and which she had described in her direct examination. This motion was overruled by the court, and, in our opinion, it was an improper ruling. The only inference deducible from the testimony of the witness was that she had no knowledge of the exercises and gymnastic work which the plaintiff did, except such as was acquired by hearsay.

In the examination in chief of plaintiff she described the accident, the manner in which it occurred and the immediate results in her fall; she stated that the first she clearly remembered after the accident was that she was standing with a crowd around her and saw Mrs. Hess and the conductor of the car coming toward her, and that the conductor asked her questions which Mrs. Hess answered. She further testified that "some one wanted to take me somewhere; I do not know who it was and I do not know where they wanted to take me, but they said 'you are badly hurt.'" Counsel for defendant moved to strike from the record the words "You are badly hurt," but this motion was overruled by the court. We think the ruling was erroneous. It was a self-serving statement which was not proper to be submitted to the jury. It was no part of the *res gestæ*. It was made after plaintiff had fallen to the ground and after the car had moved ten or fifteen feet, and after plaintiff had been assisted to her feet

and Mrs. Hess had returned from the point near Sixty-first street where she was when she first learned of the accident. In our opinion, its admission was prejudicial error. Lecklieder v. Chicago City Ry. Co., 142 Ill. App. 139; Chicago City Ry. Co. v. White, 110 Ill. App. 23; Boyd v. West Chicago St. R. Co., 112 Ill. App. 50. "An act or declaration can only be considered as a part of the *res gestœ* when it illustrates, explains, or interprets other parts of the transaction, of which it is itself a part." Chicago City Ry. Co. v. Uhter, 212 Ill. 174, 183. "That which occurs before, or after the act is done, is not a part of the *res gestœ,* although the interval of separation is very brief." Pennsylvania Co. v. McCaffrey, 173 Ill. 169.

Dr. Tillotson was called by the defendant and testified that on the evening of the occurrence, and at the request of defendant, he called upon plaintiff and examined her. He testified to the conditions he found present, and inquired of her as to her previous health, and was informed that she had been subject to some uterine trouble in the past, and that an operation had been performed in Georgia to repair a tear of the uterus; that for years she had been subject to nervous exhaustion and hemorrhages that were sometimes grave and dangerous. On cross-examination he testified that the plaintiff described the accident to him. He was then asked:

"Q. How did she describe it to you?"

And over objection of counsel for defendant as being immaterial, incompetent and not being proper cross-examination, he was permitted to answer, "She stated that she was hurt on a Cottage Grove avenue car at Sixty-first street; that the car started as she was getting off and she fell forward." A motion by counsel for defendant to strike out the answer as being improper cross-examination, and as enabling plaintiff to get self-serving declarations into the record, was overruled. We think the ruling was erroneous. The admission of the evidence was error for the reasons

assigned in the motion. It permitted the plaintiff to get before the jury, to be considered by them as evidence, a self-serving statement of her theory of the controverted question of the manner in which the accident occurred. Greinke v. Chicago City Ry. Co., 234 Ill. 564.

In our opinion, the seventh instruction, submitted to the jury at the request of the plaintiff, was erroneous and misleading. It was not based on the theory of the evidence of either side. It suggests to the jury that if upon or before the arrival of the car at about 110 feet from Sixty-first street the conductor of the car called out to the plaintiff and to the passengers in the car, "Sixty-first street," and opened the door of the car and left the same open, it was an invitation to the plaintiff to get off while the car was in motion, and leaves out of consideration the warning of the conductor not to get off the car until it stopped, and then instructs the jury that the fact of her stepping from the car while the same was in motion would not prevent the plaintiff from recovery. The instruction is involved and misleading, and ignored undisputed evidence in the case.

For errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*