CHESTER HITCHCOCK *et al.*, plaintiffs in error, *v.* DANIEL S. HAIGHT, defendant in error.

*Error to Winnebago.*

The general rule seems to be, that where the defence put upon the record, is not a legal defence to the action, in point of substance, and the defendant obtains a verdict, if the merits of the case be very clear for the plaintiff, the Court, upon motion of the plaintiff, may give judgment, *non obstante veredicto.*

The distinction between a judgment *non obstante veredicto* and a repleader is this: Where the plea is good in form, though not in fact, if it contain a defective title, or ground of defence, by which it is apparent to the Court, upon the defendant's own showing, that in any way of putting it, he can have no merits, and the issue joined thereon be found for him, there a repleader cannot help the case, and the Court will give judgment *non obstante veredicto;* but where the defect is not so much in the title, as in the manner of stating it, and the issue joined thereon is immaterial, so that the Court know not for whom to give judgment, a repleader will be awarded.

A verdict cannot help an immaterial issue.

Upon discovering that an immaterial issue has been formed, the Court should order it to be stricken from the files; and if the case, according to the rules of pleading, justify it, should award a repleader.

ASSUMPSIT in the Winnebago Circuit Court, originally commenced by the plaintiffs in error against the defendant in error, in the Boone Circuit Court, from which Court the venue was changed at the April term 1843.

At the April term 1844, the Hon. Thomas C. Browne presiding, the case was tried by a jury, and a verdict given for the defendant.

The plaintiffs then moved for a judgment, *non obstante veredicto,* in their favor, because the issue presented by the defendant's third plea was entirely immaterial; which motion was overruled by the Court, and the decision excepted to by the plaintiffs. The plaintiffs moved for a new trial, which was granted by the Court.

At the August term 1844, the plaintiffs moved to strike out the issue tendered by the defendant's third plea, on the ground that it was immaterial; which motion was overruled by the Court, and the plaintiffs excepted to the decision.

At the April term 1845, the cause was again submitted to a jury for a trial, and the jury having returned another verdict for the defendant, the plaintiffs again moved for a judgment against the defendant, *non obstante veredicto*, and for a new trial. The motion was overruled by the Court, and judgment rendered upon the verdict.

*J. Marsh*, for the plaintiffs in error.

Although several errors are assigned, they are mainly resolved into, or may be considered under the following heads:

1. Error in admitting improper evidence;
2. In the instructions given by the Court; and
3. In rendering judgment for the defendant below.

Upon the first point, it is made very manifest by both of the special pleas, that not only was there a good consideration for the note, but that there was a sufficiently meritorious consideration for the subscription to support it. *Robertson* v. *March*, 3 Scam. 198.

But the pleas allege a failure of consideration, and under them the defendant could not give evidence of partial failure. *Swain* v. *Cawood*, 2 Scam. 507.

If the defendant had intended to have relied on a partial failure, he should have so framed his plea.

Where a contract is reduced to writing, it is the only evidence of the terms and conditions of the contract. All antecedent and contemporaneous verbal agreements are merged in the written. *Lane* v. *Sharpe*, 3 Scam. 573; 1 Phil. Ev. 548–55, 2 Cowen & Hill's notes to do. 1466–8–70; *Van Ostrand* v. *Reid*, 1 Wend. 432; *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139; *Maigley* v. *Haner*, 7 do. 341.

A promise by a subscription for a useful purpose cannot be varied by parol evidence. 2 Cowen & Hill's notes to Phil. Ev. 1468.

Upon the second point the error is, that the instruction was not only wrong as a conclusion of law, but because it presumes facts to have been proved, which had not been proved. *Humphreys* v. *Collier*, 1 Scam. 48–53; *Wilcox* v.

*Kinzie*, 3 do. 218–23; *Harvey* v. *Wilson*, 1 Wend. 511; *Law* v. *Merrills*, 6 do. 268.

Preliminary to the third point it is proper to notice, that the Court erred in not striking out the immaterial issue. This Court has intimated that such would have been the proper practice. *Burlingame* v. *Turner*, 1 Scam. 558–9.

Upon the third point, when the matter, be it never so well pleaded, could signify nothing, judgment may be given as by confession. *Woods* v. *Hynes*, 1 Scam. 103–5; *Graham* v. *Dixon*, 3 do. 115–18; *Staple* v. *Hayden*, 1 Salk. 173; S. C. 9 Eng. Com. Law R. 96–8.

Where from the pleadings it is apparent that the issue does not warrant the verdict found, the Court may render a judgment for the other party, *non obstante veredicto*, notwithstanding the verdict. 1 Chitty's Pl. 694; Graham's Pr. 647; *Beekman* v. *Satterlee*, 5 Cowen, 519–26; *Hale* v. *Andrus*, 6 do. 225–30; *The People* v. *Haddock*, 12 Wend. 475; Com. Dig. 187; 2 Tidd's Pr. 921.

When the bill of exceptions shows what judgment ought to have been rendered by the Court below, this Court will render such judgment. *Guild* v. *Johnson*, 1 Scam. 405; *Pearsons* v. *Hamilton*, Ib. 415; *Pearsons* v. *Bailey*, Ib. 507-11.

This Court can render judgment for the amount of the note. *Woods* v. *Hynes*, 1 Scam. 103–5.

*O. Peters*, for the defendant in error.

The Opinion of the Court was delivered by

SCATES, J.* The plaintiffs below counted in the first count on a promissory note made by Haight to H. B. Potter, due in September, 1841, and assigned to plaintiffs below in January 1842. The declaration contained two counts, the last upon a note made to J. Hitchcock and assigned to plaintiffs. The defendant, Haight, pleaded the general issue and two special pleas.

*WILSON, C. J., and Justices LOCKWOOD and CATON did not sit in this case.

Hitchcock *et al. v.* Haight.

The first special plea was to the first count of the declaration, and was in substance, that the note was given to Potter by the procurement of W. E. Dunbar, his agent, and in consideration of the same amount signed by defendant to a subscription paper, circulated by Dunbar, as such agent, for the purpose of purchasing a certain building, and removing the same on the public square in the town of Rockford, placing it on a good foundation, and fitting it with seats suitable for a Court room, and lathing, plastering, and painting the same; that said subscription of the defendant was obtained by the assurances, representations, and promises of said Dunbar, as such agent, and that in consideration of defendant's subscription and others, said building should be purchased, removed, located and finished as aforesaid; that said building has not been fitted up and finished, according to the assurances, representations and promises of said Dunbar, made at the time of defendant's subscribing; and so the consideration of the subscription and note has wholly failed; and that the note was assigned after it became due, &c.

The second special plea is to the first count, and is like the first, except that it described W. E. Dunbar as being and acting as one of the County Commissioners in obtaining the subscription, and making the assurances, representations and promises as in the other plea; and that his subscription was upon these assurances, representations and promises as in the former plea, and that the only consideration of the subscription was these assurances, representations and promises, and the only consideration of the note was the same subscription, subscribed as aforesaid; that the building has never been fitted up, lathed, plastered, and painted; and that the consideration has wholly failed; that the note was assigned after it became due, &c.

The plaintiffs replied to the first special plea, that Dunbar was not the agent of Potter; that said note was not given in consideration that said building should be removed, fitted up and finished, as alleged, but that it was given for the purchase of the house from Potter.

A demurrer was overruled to the second special plea, and judgment that plaintiffs take nothing by their first count; a trial and verdict for plaintiffs, and on motion of defendant, the judgment was arrested.

The Court gave leave to plaintiffs to withdraw their demurrer to the second special plea, and to reply. The plaintiffs replied to the second special plea, that the note was made and delivered to Potter in consideration of a certain subscription paper, or agreement to pay one hundred dollars, made by defendant, as follows: "We, whose names are undersigned, hereby promise to pay the County Commissioners of Winnebago county, the sums of money annexed to our respective names, for the purpose of building, or purchasing a house, suitable for holding Courts for said county;" that before the making of the said note, the County Commissioners, with defendant's consent, purchased of said Potter and others, a certain building, and did there and then, in consideration of the conveyance to them of said building, assign to said Potter and others, the defendant's subscription, among others, in payment for said building, and that the defendants in consideration thereof executed and delivered the said note to said Potter; without this, that the consideration of said note was other or different, as in said plea alleged; and that said Dunbar was not authorized by said Potter to make the assurances and promises in said plea alleged; and said Dunbar did not make the said assurances, promises and representations therein alleged; and that they were not the consideration of said note.

After a demurrer to the replication was overruled, the defendant rejoined, that the consideration of the note was not as alleged in the replication, but was the assurances, representations and promises, as in the plea set forth. A trial was had, and a verdict for the defendant. A motion was made for a judgment, *non obstante veredicto*, overruled, and excepted to, and a new trial was granted. The plaintiffs moved to strike the issue from the files, as being immaterial, which was refused, and excepted to.

Another trial was had, and verdict for the defendant. The

plaintiffs again moved for a judgment *non obstante veredicto*, which was denied, and excepted to. They then moved for a new trial which was also denied, and excepted to, and all the evidence is preserved in a bill of exceptions, which I may set forth in substance, when I come to dispose of this last motion.

The errors assigned are,

*First.* In overruling the demurrer to the second special plea;

*Second.* In refusing to render judgment, *non obstante veredicto*, after the second trial;

*Third.* In refusing to strike the issue on the said plea from the files;

*Fourth.* In allowing improper testimony;

*Fifth.* In allowing the testimony of Dunbar, Oliver, Goodrich and Hitchcock, to go to the jury;

*Sixth.* In giving the instructions asked for by defendant;

*Seventh.* In refusing to render judgment, *non obstante veredicto*, after the third trial; and *lastly*, In refusing to grant the last new trial asked.

I cannot forbear remarking, that I have never seen a record thrown into such inextricable confusion as this is by the course of pleadings and proceedings pursued. And for the purpose of extricating the view of it that I shall take from the same confusion, I shall pursue the assignment of errors in their order.

The first is without foundation in the record, because the plaintiffs withdrew their demurrer, and replied. To take advantage of any error in the ruling on that demurrer, they should have abided the judgment upon it. The second and seventh are the same, and will be considered together. They are not well assigned. The general rule seems to be, that where the defence put upon the record is not a legal defence to the action, in point of substance, and the defendant obtains a verdict, if the merits of the case be very clear for the plaintiffs, the Court upon motion of the plaintiffs may give judgment, notwithstanding the verdict. Graham's Pr. 647; 2 Cowen 626; 1 Chit. Pl. 695; 2 Tidd's Pr. 922.

The distinction between a judgment *non obstante veredicto*, and a repleader is this: Where the plea is good in form, though not in fact, if it contain a defective title, or ground of defence, by which it is apparent to the Court, upon the defendant's own showing, that in any way of putting it he can have no merits, and the issue joined thereon be found for him, there a repleader cannot help the case, and the Court will give judgment *non obstante veredicto;* but where the defect is not so much in the title, as in the manner of stating it, and the issue joined thereon is immaterial, so that the Court know not for whom to give judgment, a repleader will be awarded. 2 Tidd's Pr. 922; 1 Chitty's Pl. 695.

But these authorities all seem to contemplate a confession of the cause of action, and an attempt to set up a bar in avoidance. But in a case in the King's Bench, (3 Barn. & Ald. 702; 5 Eng. Com. Law R. 427;) to an action for a libel, the defendants pleaded the general issue, and eight special pleas, and upon trial the general issue and two special pleas were found for the plaintiff without assessing damages; and the other special pleas for the defendant. The Court held, that the latter pleas were ill, and entered up a judgment *non obstante veredicto*, after awarding a writ of inquiry and assessing the damages. This judgment was reversed in the Exchequer, and directed the King's Bench to award a *venire de novo*, to try the general issue, and issues joined on the two special pleas, on which the finding was for the plaintiff, holding the verdict on those issues to be void, because no damages were assessed. 2 Tidd's Pr. 922. A verdict cannot help an immaterial issue. Ib. 921.

The above case in the King's Bench is a stronger case for the application of the doctrine of judgments *non obstante veredicto*, than the one before us. There, the issues upon the good pleas were found for the plaintiff; here, the issue is found for the defendant. The verdict in this case being for the defendant upon the general issue, must prevent the Court from rendering the judgment asked, notwithstanding the defendant has also obtained a verdict upon two immaterial issues; for there can be no question, but that the issues made upon

the two special pleas are immaterial. In both, the issues are upon immaterial collateral facts, and a verdict upon them, would neither determine what the consideration of the note was, nor whether it had failed It would be extremely difficult to tell, whether Dunbar's agency, or assurances, representations and promises, or the buying of the house of Potter, or the removing and fitting up, lathing, plastering, painting and underpinning, are the consideration of the note, according to the pleas, replications and rejoinder. If the pleaders had studied to introduce confusion as to what fact was to be put in issue, they could not better have succeeded.

The verdict upon these two issues cannot be regarded as finding or determining any thing. Even the jury seemed to realize the difficulty of knowing what was presented, for on the second trial they find "no cause of action;" and on the last, they find the *issues* for the defendant, although there appears to have been three issues submitted. For, after the first verdict was given for the plaintiff, on the general issue, and the issue on the first special plea, the Court arrested the judgment, for what reason does not appear, unless it was, that the defendant had judgment on the second special plea in bar, for if the judgment be arrested for a fault in the pleading, the Court may award a repleader, beginning where the first fault occurred, if it were not committed by the party asking it. R. L. 492, § 24.

The Court permitted the plaintiffs to withdraw the demurrer, and reply to the third plea. So, if any thing can be made of the state of the pleadings at this stage, it would seem, that the whole issues were again open to be tried, by removing the cause for the arrest. Otherwise the record would present this state of the case; that the plaintiffs were allowed to make and try an issue upon the second special plea only, when, if they should have a verdict for them, it would be impossible for them to have judgment upon the record, that already having been arrested. I must, therefore, regard the issues as all being again opened for trial, and as having been again twice submitted and passed upon by the jury.

I come now to consider the third error; to wit: the refu-

sal of the Court to strike the issue upon the second special plea from the files.   This is well taken.   Upon discovering that an immaterial issue had been formed, the Court should have stricken it from the files, and, if the case, according to the rules of pleading, justified it, have awarded a repleader. The motion might well have extended to the first special plea, also.

The fourth, fifth, sixth and last errors assigned may all be considered together.   Should this Court have granted a new trial?   There is no difficulty in this question, after having disposed of the two issues upon the special pleas. The plaintiffs read the note in evidence to the jury, and which was sufficient to sustain their action, on the general issue, and under that issue the defendant offered no evidence. There being no other material issue before the jury, they should have found for the plaintiffs, and the verdict is, therefore, most clearly against the evidence.   It may seem superfluous to go into the evidence on the other issues, under this view of the case, but I will advert to it to show, that a new trial should be granted for the same reason, even upon the other issues, considering them material for that purpose.

The defendant proved that the note was given for the amount of the subscription paper, which last was given for purchasing a building for a court house; that Potter and two others sold and conveyed the house to the County Commissioners, and received the subscriptions in payment some time after which the note was given in settlement of the subscription.

Dunbar testified 'that he did not recollect whether he obtained defendant's subscription or not, nor whether he made any other assurances than those contained in the subscription papers, and the County Commissioners approved of what he had done in circulating the subscription paper, he being one of them.   Other witnesses testified that Dunbar had made representations to them that the house was to be purchased, put upon the public square, painted and underpinned; and that he said he had made similar representations to others, to whom he had presented the paper for subscrip-

tion. To all this, there was exception taken, but it was admitted by the Court. It was proved on cross examination, that the house had been fitted up and underpinned. The subscription paper, in substance as set out in plaintiff's replication, was read to the jury by defendant; and also a written assignment of it by the County Commissioners, to whom it was payable. The conveyance by Potter and others of the house was read in evidence; and it was also proved that the house had not been removed to the public square, nor lathed, plastered, painted, or underpinned; but it had been fitted up and occupied as a Court house. This was the substance of the testimony. The Court instructed the jury for the defendant, that if they believed that Dunbar made the representations to defendant before he signed the subscription, and that said representations were the consideration for signing the same, as alleged, then the verdict must be for the defendant.

All this testimony fails to prove that Dunbar was the agent of Potter, or that he made any assurances, representations, or promises to, or obtained defendant's subscription. So the main foundation of the pleas, as drawn, is unsustained by proof. If he made such representations to others, and to all to whom he presented it, it would not follow, either that he presented it to defendant, or made them to him. But the subscription paper is a written contract, and must speak for itself, and it does speak for itself; for they "promise to pay" the County Commissioners the sums annexed to their names, "for the purpose of building or purchasing a house, suitable for holding Courts in said county." Here is the object in the written declaration of the defendant, and it does not include removal to the public square, lathing, plastering, painting, underpinning or fitting up, otherwise than to be "suitable" for holding Courts.

This contract is no more liable to be explained or added to by parol, than any other contract in writing. It may be impeached for fraud. But all these alleged "assurances, representations and promises," if ever made by Dunbar to defendant, are inadmissible to alter, vary, change, or explain the

writing. The proof is inadmissible, but if admitted, it does not sustain the issues; and the issues, if sustained, are immaterial. The new trial should, therefore, have been granted.

Wé are of opinion, that the judgment be reversed at the cost of defendant, and cause be remanded with directions to the Court below to award a *venire de novo*, to try the general issue: .

*Judgment reversed.*