## WILLIE STEIN, BY NEXT FRIEND, ETC.,

### v.

## THE CHICAGO & GRAND TRUNK RAILWAY COMPANY.

*Railroads—Negligence of—Personal Injuries of Third Persons—Liability for—Special Findings—Practice.*

1. The inconsistency between a general verdict and special findings that will authorize a judgment on the latter instead of the former, must be irreconcilable. The special findings must be of facts which exclude every theory which would sustain a judgment for the plaintiff.

2. In order to override the general verdict the special finding must be of a controlling fact; the finding of a mere evidentiary fact, which, standing alone or considered in connection with other such facts would warrant an inference contrary to the general verdict, is not sufficient.

3. Motions for new trial and for judgment *non obstante* are inconsistent with each other, and should not be pending at the same time, and the proper order of proceeding is to submit the motion for judgment *non obstante* first; there being a motion for new trial pending, it is proper to withdraw it for the purpose of having the motion for judgment heard and determined, and such withdrawal will not be treated as an abandonment or loss of the right to a new trial.

[Opinion filed June 25, 1891.]

Stein v. Chicago & Grand Trunk Ry. Co.

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Moses & Pam, for appellant.

Mr. F. H. Culver, for appellee.

Moran, P. J.   This was an action to recover damages caused to appellant by the alleged negligence of appellee's servants. The declaration consisted of ten counts, alleging various acts of negligent omission or commission on the part of appellee, by which the injury was caused, and averring that appellant was at the time of the accident in the exercise of ordinary care.

On the trial the jury returned a general verdict in favor of appellant, and assessed the damages at $4,000.   The court, at the request of appellee, submitted to the jury special questions, which, with the answers to them, are as follows:

1.   Was the plaintiff injured by walking into or up against the train while on the sidewalk of Twenty-eighth street crossing the tracks?   A.   No.

2.   Was the plaintiff injured by the train north of Twenty-eighth street or north of the shanty?   A.   North of Twenty-eighth street.

3.   Was the plaintiff in exercise of such reasonable and ordinary care for his own safety, preceding and at the time of the accident, as might reasonably be expected of a boy of his age and experience?   A.   Yes.

4.   Was the defendant guilty of negligence which contributed to the injury, and if so, what?   A.   Incompetent flagman and gross negligence on the part of the defendant.

The appellee entered a motion for a new trial, but afterward withdrew the same and moved for a judgment for defendant upon the special findings of the jury notwithstanding the general verdict, which motion was granted by the court, and to reverse this judgment the plaintiff prosecutes this appeal.

The question presented is, whether these special findings are inconsistent with the general verdict, so as to authorize a verdict upon them.   The first, third and fourth findings clearly

support the general verdict. It is on the second finding, to wit, that plaintiff was injured north of Twenty-eighth street, that the action of the court was based and is sought to be sustained.

The inconsistency between a general verdict and special findings that will authorize a judgment on the latter instead of the former, must be irreconcilable. The special findings must be of facts which exclude every theory which would sustain a judgment for the plaintiff.

" In considering the motion for judgment *non obstante* no reference can be made to the evidence given on the trial; the question is not whether the evidence will sustain the verdict; that question belongs to the motion for a new trial.

" The general verdict prevails over the special findings, if there could have been, under the issues, proof of supposable facts, not inconsistent with those specially found, sufficient to reconcile the general verdict with the special findings." The P. C. & St. L. R. W. Co. v. Martin, 82 Ind. 476; Cox v. Ratcliffe, 105 Ind. 374; Thompson on Trials, Sec. 2691 to 2696, and cases there cited.

It follows that in order to override the general verdict the special finding must be of a *controlling* fact. The finding of a mere evidentiary fact, which, standing alone or considered in connection with other such facts, would warrant an inference contrary to the general verdict, will not be sufficient. Now it is impossible to say that the finding that plaintiff was injured north of Twenty-eighth street is a controlling fact, when it is considered in connection with the issues made by the pleadings and the other special findings. Nor can it be said that such fact is inconsistent with the general verdict of guilty, when not considered in connection with the evidence.

Such fact, when considered under the rules laid down by the authorities above cited, is inconsequential and immaterial. We do not mean to say that the fact found may not be an important one to be regarded on a motion for new trial, in relation to other facts shown by the evidence; we do not look into the evidence to see; the question presented does not require that we should, and the rules by which the sufficiency of a

special finding to overturn the general verdict is to be tested, do not permit us to do so.

We must conclude that the court erred in rendering judgment for the defendant.

Appellant insists that we should enter judgment here on the general verdict or direct the Superior Court to enter such judgment. The contention that we should do so, is based on the fact that appellee, after having made a motion for a new trial, withdrew said motion and relied on its motion for judgment *non obstante.*

We are of opinion that by withdrawing the motion for new trial, appellee did not deprive itself of the right to again interpose such motion if it shall be so advised. Motions for new trial and for judgment *non obstante* are inconsistent with each other, and should not be pending at the same time, and it seems to us to be the proper order of proceeding to submit the motion for judgment *non obstante* first. Having a motion for new trial pending, it was proper practice to withdraw it for the purpose of having the motion for judgment on the special findings heard and determined, and the withdrawal ought not to be treated as an abandonment or loss of the right to a new trial. See Brannon v. May, 42 Ind. 102; Leslie v. Merrick, 99 Ind. 180.

The correct order in such a case as this is indicated by our Supreme Court in Quick v. I. & St. L. Ry. Co., 130 Ill. 334.

The judgment of the Superior Court will be reversed and the case remanded to that court, with directions to entertain a motion for a new trial by defendant, if one shall be made, and if overruled to enter judgment on the general verdict.

*Reversed and remanded.*