## Timothy J. Teehan v. Union Bridge Co. et al.

1. VERDICTS—*Non Obstante Veredicto.*—A judgment *non obstante veredicto* can only be given for a plaintiff, and only then when he has established his case and the defendant has failed to plead any sufficient defense.

2. SPECIAL FINDINGS—*When Sufficient to Support a Judgment.*—A special finding to support a judgment contrary to the general verdict must be a finding of a controlling fact, and wholly irreconcilable with the general verdict.

Teehan v. Union Bridge Co.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Verdict for plaintiff. Judgment, *non obstante veredicto,* for defendant; appeal by plaintiff. Heard in this court at the March term, 1899; reversed and remanded with directions. Opinion filed July 20, 1899.

**Statement.**—This suit was brought by appellant against appellees, to recover for personal injuries claimed to have been sustained through negligence of appellees.

The declaration, as amended, alleges that on April 30, 1897, the defendants possessed and operated certain hoisting machinery in the construction of an elevated railroad in Chicago, by which steel beams were hoisted; that plaintiff was a servant of the defendants, and in the course of his employment it was his duty to get upon a certain beam, which was being hoisted by said machinery, to guide the same into place. Alleges that defendant negligently failed to furnish proper machinery, in that a certain pin in the said hoisting machinery which held a certain lever was loose, worn and defective, and became loosened and slipped out of its place, and caused the beam, upon which the plaintiff was, to be thrown a distance of thirty feet upon the ground, and caused the plaintiff to fall upon the ground, whereby he was injured, etc.

Upon the trial of the issues raised by a general traverse of these allegations, the jury returned a general verdict, finding the defendants guilty and assessing the plaintiff's damages, and the following special findings:

" Was the original cause of the injury to the plaintiff in this case a giving way or breaking of the dog attachment ? " Answer, " No."

" Are the jury able to determine from the evidence in the case what was the original cause of the injury to the plaintiff ? " Answer, " Yes."

" Was the original cause of the injury to the plaintiff in this case due to the negligence of Clayton ? " Answer, " No."

" Was the pin mentioned in evidence the cause of the injury in question ? " Answer, " Yes."

" Did Clayton leave the pin out of the bar, and thereby cause the injury ? " Answer, " No."

" Did Clayton place the pin in the bar, and did it then

come out, because of the vibration of the machinery, or from some other cause, and by coming out cause the injury?" Answer, "Yes."

"Could Clayton, by the use of ordinary care, at and immediately before the happening of the injury to the plaintiff in this case, have avoided or prevented the falling of the beam?" Answer, "No."

"Were Clayton and Teehan fellow-servants of the same master, co-operating in the common work of raising or placing iron columns at the time of and for some weeks preceding the happening of the injury to Teehan?" Answer, "No."

The defendants, appellees, interposed a motion for a new trial, but before it was disposed of by the court, they withdrew the motion by leave of court, and entered a motion for a judgment *non obstante veredicto*. The latter motion was allowed by the court, and judgment was thereupon rendered against the plaintiff, appellant, for costs.

From that judgment this appeal is prosecuted.

JUDD & HAWLEY, attorneys for appellant.

One of the rules of the common law is that, after jury trial and verdict, unless cause to the contrary appear, the judgment must follow it. Gall v. Beckstein, 66 Ill. App. 480.

Where the issue upon a plea is a wholly immaterial one, the verdict or finding will be set aside, the rule being that when the matter, be it never so well pleaded, could signify nothing, judgment may, in such cases, be given as by confession. Woods v. Hynes, 1 Scam. 103.

Such is the Supreme Court's definition of a judgment "*non obstante veredicto*," in Rothschild v. Bruschke, 131 Ill. 265.

Such a judgment can only be entered in favor of plaintiff. Shinn's Practice, Sec. 984; Barnes v. Rodgers, 313 S. E. Rep. 885.

JOHN A. POST and O. W. DYNES, attorneys for appellees, contended that a judgment may properly be entered in

favor of the defendant upon special findings of ultimate facts, notwithstanding the general verdict. Quick v. I. & St. L. Ry. Co., 130 Ill. 334; Stein v. Chicago, etc., Ry. Co., 41 Ill. App. 38; Brannon v. May, 42 Ind. 102; Baird v. Chicago, etc., Ry. Co., 61 Ia. 359; Amacost v. Lindley, 116 Ind. 295; Burdick v. Chamberlain, 38 Mich. 610; Peck v. Grand Rapids Bank, 51 Mich. 353; Wood v. Seaver, 90 Mich. 546; Nash v. Sutton, 119 N. C. 298; Com. v. Grimes, 116 Pa. St. 450; Schmeickhart v. Stuewe, 75 Wis. 157; Akin v. Jefferson, 65 Tex. 137.

A judgment " *non obstante veredicto* " may be entered for the defendant on the evidence. Holland v. Kindregan, 155 Pa. St. 156, 25 Atl. Rep. 1077; Murray v. Blackledge, 71 N. C. 492.

It is proper practice to withdraw a motion for new trial and enter a motion for judgment on the special findings, notwithstanding the general verdict, before final judgment. Stein v. Chicago, etc., Ry. Co., 41 Ill. App. 38.

Where substantial justice has been done, this court will not reverse on technical error of an immaterial nature. Spannagle v. Ry. Co., 31 Ill. App. 460.

Where no judgment other than one of not guilty can properly be entered, the court should enter a judgment of not guilty. Holland v. Kindregan, 155 Pa. St. 156; Simmons v. Chicago & Tomah Ry. Co., 110 Ill. 340; Ryan v. City of Chicago, 79 Ill. App. 28; Frazer v. Hough, 106 Ill. 573; Duggan v. P. D. & R. Ry. Co., 42 Ill. App. 536; Pleasants v. Fant, 22 Wall. (U. S.) 120; Offutt v. World's Columbian Exposition, 175 Ill. 472.

Mr. Presiding Justice Sears delivered the opinion of the court.

The motion by appellees, who were the defendants in the court below, for a judgment *non obstante veredicto*, was inapt. Such judgment can only be given for a plaintiff. The practice is to be availed of only when the plaintiff has established his case and the defendant has failed to plead any sufficient defense. 2 Tidd's Practice, 920; 1 Chitty,

688; Stephen's Pl. 98; 1 Black on Judg., Sec. 16; Freeman on Judg., Sec. 7; Hitchcock v. Haight, 2 Gil. 604; German Ins. Co. v. Frederick, 58 Fed. Rep. 144.

The only decision *contra*, which is cited, or that we can find, is Holland v. Kindregan, 155 Pa. St. 156, and if that decision is to be so regarded, it certainly stands against the weight of authorities and established practice. Decisions of Indiana and Iowa are based upon statutes.

It is true that in our practice a judgment for a defendant may rest upon a special finding by the jury, even though the general verdict be for the plaintiff. The statute, Section 58c of the Practice Act, provides that where the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court may render judgment accordingly. Ebsery v. Chicago C. Ry. Co., 164 Ill. 518.

But the special finding, to thus support a judgment contrary to the general verdict, must be a finding of a controlling fact, and it must be wholly irreconcilable with the general verdict. Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132; Ebsery v. Chicago C. Ry. Co., *supra.*

If the motion here had been for a judgment upon the special findings, or either or any of them, and the judgment had been entered upon such motion, we would be obliged to hold that there was no one of the special findings which could support the judgment. We are unable to perceive that any fact is found by any of these special findings which is in the least inconsistent with the case alleged in the declaration or with the general verdict for the plaintiff. The motion, however, was not for a judgment upon special finding, but for a judgment *non obstante veredicto.*

The motion is in terms as follows:

" And now come the defendants, by John A. Post and O. W. Dynes. their attorneys, and move the court to set aside the general verdict of the jury rendered in this case, to wit, on or about the 9th day of November, A. D. 1898, and enter judgment of not guilty for the defendants herein, notwithstanding the said general verdict. And for grounds of said motion, the defendants show to the court here, the following, to wit : "

Each of the points thereafter specified in the motion formulates an objection to the general verdict; and nowhere is it pointed out that any particular one of the special findings presents a controlling fact which would sustain a judgment for the defendants.  In other words, the substance of the motion presents grounds for a new trial, if true, and not ground for a judgment for the defendants.

There is no need to discuss the evidence, as we have no occasion to consider a motion for new trial.

The judgment is reversed and the cause will be remanded, with directions to the Superior Court to entertain a motion for a new trial by defendants, or either of them, if one shall be made, and if such motion is not made, or is made and overruled, to enter judgment on the general verdict.

This practice was adopted in Quick v. I. & St. L. Ry. Co., 130 Ill. 334.

The judgment is reversed, and the cause is remanded with directions.