**Charles H. Aldrich, Appellee, v. Lee D. Mathias, Appellant.**

**Gen. No. 14,006.**

PRACTICE—*when entry of judgment non obstante veredicto improper.* A judgment *non obstante veredicto* can only be entered where it is justified by the state of the pleadings; it is error to refer to the evidence and to predicate such a judgment thereon.

Action commenced before justice of the peace. Appeal from the County Court of Cook county; the Hon. WILLIAM N. HINEBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed June 16, 1908.

GOODRICH, VINCENT & BRADLEY, for appellant.

HENRY S. McAULEY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was originally brought before a justice of the peace, and from the judgment in that court it was taken by appeal to the County Court, and from the judgment entered there, this appeal is prosecuted.

The action is *assumpsit* to recover upon six promissory notes, all dated February 28, 1904, and due respectively on the fifteenth day of July, August, September, October, November and December, 1904. The notes are signed by Lee D. Mathias, appellant, and are payable to appellee, Charles H. Aldrich.

There were no written pleadings. The issues were tried before the court and a jury, and the jury returned a verdict in favor of the defendant below, appellant here. The plaintiff thereupon moved the court for a judgment in favor of the plaintiff, *non obstante veredicto,* for reasons set out in the written motion in the record, based on the facts claimed to be shown by the evidence. The County Court granted the motion and gave judgment against the defendant, appellant, for $205.62 and costs. Error is assigned upon this action of the court.

"At common law a judgment *non obstante veredicto* could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient, although found true, to constitute either a defense or a bar to the action. In such a case the plaintiff was entitled to a judgment in his favor, notwithstanding a verdict for the defendant." 11 Ency. of Pleading & Practice, p. 912, and authorities there cited; 2 Tidds Practice, 920.

In Walker v. Scott, 106 N. Car., 56, 62, it is held: "The granting judgment *non obstante veredicto* is very restricted and is confined to cases where the plea confesses a cause of action and the matter relied on in avoidance is insufficient, and where the plea may be treated as a sham plea."

The motion can only be made on the face of the

pleadings. Lewis v. Foard, 112 N. C. 403. "Such a judgment can be rendered only when the pleadings entitle the party against whom the verdict is rendered to a judgment." 11 Ency. of P. & P., 914.

Formal written pleadings are not required in proceedings before a justice of the peace. The general issue is presumed to have been pleaded. "Where there is a good plea or answer filed, the plaintiff is not entitled to a judgment *non obstante veredicto*." 11 Ency. P. & P., 915; Ambler v. Whipple, 139 Ill. 311, 322. "Since a judgment *non obstante veredicto* must be granted, if at all, upon the record, it follows that the evidence cannot be looked to in determining a motion for such judgment." 11 Ency P. & P., p. 917. And in reviewing a ruling of the trial court on a motion for a judgment *non obstante veredicto,* this court cannot look to the evidence in the record to determine whether or not it sustains the judgment entered on such motion. The pleadings are the only parts of the record which are relevant to that question. Stevens v. City of Logansport, 76 Ind. 498, 500; P. C. & St. L. R. Co. v. Martin, 82 Ind. 476, 480.

The trial court erred in entering the judgment, and for that error subsequent to verdict the judgment is reversed and the cause is remanded for such proceedings subsequent to verdict as the court may deem proper.

*Reversed and remanded.*