## The Tribune Company, Appellee, v. The Dunlap Manufacturing Company, Appellant.

1. JUDGMENT, § 208*—*when judgment non obstante veredicto may not be entered.* A judgment *non obstante veredicto* cannot be entered in favor of a defendant but can only be entered in favor of a plaintiff on a plea of confession and avoidance, setting up matters not constituting a defense to the action.

2. APPEAL AND ERROR, § 817*—*when question of variance not reviewable.* The question whether a special verdict was at variance with a general verdict rendered, *held* not open for review where the bill of exceptions did not show that a special verdict was rendered.

3. JUDGMENT, § 208*—*how motion for judgment non obstante veredicto decided.* The evidence cannot be looked to in deciding a motion for a judgment *non obstante veredicto.*

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed June 10, 1916. Rehearing denied October 5, 1916.

STERLING & WHITMORE, for appellant.

SHEPARD, MCCORMICK, THOMASON, KIRKLAND & PATTERSON, for appellee; F. J. LAMMERS, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The Tribune Company, a Chicago corporation, brought suit in assumpsit against the Dunlap Manufacturing Company, a Bloomington corporation, to recover $1,638.48, claimed to be due the plaintiff for advertising in the Chicago Tribune during the week commencing November 8, 1914. The declaration contains the common counts and a special count declaring upon a written contract, which is set out at length and which is averred to have been fully performed by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff. In the common counts is the usual one, "and in the like sum for work and services before that time done and bestowed and materials for the same work furnished by the plaintiff for the defendant at his request;" and one in "the like sum for money found to be due from the defendant to the plaintiff, on account then and there stated between them." The defendant pleaded the general issue and a special plea denying that the advertising was done under the contract declared upon and averring that it was done under another and different contract. On a trial before a jury, a verdict was returned in favor of plaintiff for $800.

The defendant did not enter any motion for a new trial or motion in arrest of judgment. The only motion entered by the defendant is a motion for a judgment in its favor *"non obstante veredicto"* and, for grounds of said motion, shows, etc. The court denied the motion of the defendant and rendered judgment in favor of plaintiff on the verdict. The defendant appeals.

Appellant only presents and argues to the court the following propositions: "(1) that under the pleadings in the case no judgment at law for any amount can be sustained on the record, and (2) that appellant's motion for judgment *non obstante veredicto* should have been sustained in the trial court, and that under the law it must ultimately prevail."

At common law, a judgment *non obstante veredicto* could only be entered when the plea confessed the cause of action and set up matters in avoidance of the cause of action which were, even if true, immaterial and did not constitute a defense to the action. In such a case the plaintiff is entitled to judgment notwithstanding a verdict for the defendant on the immaterial issue. It is a judgment for the plaintiff on the pleading because the pleas of the defendant do not present a defense. At common law, such a judgment can only be rendered on the application of the plaintiff, and

was never allowed on motion of the defendant, no matter how defective the plaintiff's pleadings might be. 11 Encyc. of Pl. & Pr. 912; 1 Black on Judgments 76; *Teehan v. Union Bridge Co.,* 84 Ill. App. 532; *Chicago City Ry. Co. v. White,* 110 Ill. App. 23. The motion to be made by the defendant for a judgment because of the insufficiency of plaintiff's pleadings is a motion in arrest of judgment. The declaration of the appellee states a good cause of action in legal form, and the evidence offered by it sustains the verdict and judgment.

The argument of the appellant that "under the pleadings" no judgment can be sustained for plaintiff for any amount is based solely on the claim that the jury made a special finding at variance with the general verdict. The bill of exceptions does not show that there was any special finding by the jury, hence the fact, if it be a fact, that there is a variance between a special finding and the general verdict is not preserved for review. The only question presented for review by the motion made after verdict and under the assignments of error is a question of pleading and the overruling of appellant's motion for a judgment *non obstante.* The appellant has misconceived the effect of its motion. The evidence cannot be looked to in determining a motion for such a judgment. 11 Encyc. of Pl. & Pr. 917. The questions argued have not been preserved for review; the judgment is affirmed.

*Affirmed.*