## EMMET P. MAHONEY v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 22, 1918.

No. 20,992.

**Dismissal of appeal because frivolous.**

Appeal from judgment entered upon verdict in favor of plaintiff. Motion to dismiss appeal because frivolous granted. All possible errors hinge upon rulings at the trial as to the sufficiency of the complaint and the allowance of an amendment thereto. These errors could all have been reached upon a motion for a new trial. By moving for judgment notwithstanding the verdict, defendant waived all errors which might have been redressed upon a motion for a new trial. The appeal must be considered frivolous. [Reporter.]

Action in the district court for Ramsey county by the administrator of the estate of John Dean, deceased, to recover $7,500 for the death of his intestate. The answer alleged the accident was due to carelessness and negligence on the part of decedent. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $1,000. From an order denying defendant's motion for judgment notwithstanding the verdict, it appealed. Motion to dismiss the appeal granted.

W. D. Dwyer, for appellant.
Stevens & Stevens, for respondent.

PER CURIAM.

Action by an administrator to recover for the wrongful death of his intestate. Defendant at the trial admitted that its negligence caused the death, but objected to the introduction of any evidence on the ground that the complaint did not state facts constituting a cause of action, the particular defect being that, although it alleged that deceased left a widow and minor son dependent upon him, it stated that the damages claimed resulted to the plaintiff, the administrator. The objection was overruled, and evidence received as to the pecuniary loss of the widow and son. At the close of the evidence defendant moved for a directed verdict, and plaintiff moved to amend the complaint so as to allege that plaintiff and said heirs were damaged in the sum stated. Defendant's motion was denied and plaintiff's granted. A verdict in favor of plaintiff was returned. Defendant moved

[1]Reported in 168 N. W. 49.

for judgment non obstante. It did not ask for a new trial. Judgment was entered upon the verdict and defendant appeals, assigning as errors the overruling of the objection to the introduction of evidence, the refusal to instruct a verdict in its favor, and the denial of its motion for judgment notwithstanding the verdict.

Plaintiff moves to dismiss the appeal on the ground that the errors assigned are insufficient· to raise any issue, and that the appeal is without merit and frivolous.

We think the motion should be granted. All the errors assigned, or that might be assigned on the record made, hinge upon rulings at the trial as to the sufficiency of the complaint and the allowance of an amendment thereto. These errors could all have been reached upon a motion for a new trial. By moving for judgment notwithstanding the verdict defendant waived all errors that might have been redressed on a motion for a new trial. The appeal must be considered frivolous under the rule announced in Prigge v. Selz, Schwab & Co. 134 Minn. 245, 158 N. W. 975; Hoggarth v. Minneapolis & St. Louis R. Co. 138 Minn. 472, 164 N. W. 658; and the cases cited in section 393, Dunnell, Minn. Dig. and 1916 Supplement.