**Royal Manufacturing Company, Plaintiff in Error, v. Garfield Sanitary Felt Company, Defendant in Error.**

### Gen. No. 30,010.

1. TRIAL—*right of defendant to move for judgment non obstante veredicto.* A judgment for the defendant entered upon an order granting the motion of the defendant for judgment *non obstante veredicto* must be reversed, since such a motion could not appropriately be made by a defendant.

2. APPEAL AND ERROR—*necessity for remand on reversal of judgment entered upon order erroneously granting defendant's motion for judgment non obstante veredicto.* Where judgment is entered for defendant upon an order erroneously granting his motion for a judgment *non obstante veredicto*, the reviewing court may not enter judgment on the verdict, but must remand the cause in order that the defendant may renew his motion for a new trial.

Error by plaintiff to the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1925. Reversed and remanded with directions. Opinion filed November 23, 1925.

SOLBERG, HUMMELAND & WINSLOW, for plaintiff in error; A. J. W. APPELL, of counsel.

LEWIS, ADLER, LEDERER & KAHN, for defendant in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff below is the plaintiff in error here. In a suit for goods sold and delivered there was an affidavit of merits, trial by jury and verdict for plaintiff.

Defendant made a motion for a new trial, which was withdrawn, and it then moved for judgment *non obstante veredicto,* which was granted.

It is conceded this was error, for the reason that the motion could not be appropriately made in behalf of a defendant, and that the judgment must be reversed for that reason. *Tribune Co. v. Dunlap Mfg. Co.,* 201 Ill. App. 408.

The plaintiff says, however, that judgment should be entered in this court on the verdict, while defendant urges that the cause should be remanded in order that the motion for a new trial may be renewed. We hold the cause must be remanded for the reasons stated in *Stein v. Chicago & Grand Trunk Ry. Co.,* 41 Ill. App. 38, and *Teehan v. Union Bridge Co.,* 84 Ill. App. 532.

Plaintiff says the opinions in these cases purport to follow *Quick v. Indianapolis & St. L. Ry. Co.,* 130 Ill. 334, and that no motion for judgment *non obstante veredicto* was involved in that case. This is true, but the question there as to the entry of judgment on the special findings of a jury was analogous.

Plaintiff cites *Mahoney v. St. Paul City Ry. Co.,* 140 Minn. 516; *Pine Tree Lumber Co. v. City of Fargo,* 12 N. D. 360; *Henry v. Heilman Bros.,* 114 Pa. St. 499. The Minnesota and Dakota cases were apparently decided under provisions of the Codes of Practice in those States. *Cruikshank v. St. Paul Fire & Marine Ins. Co.,* 75 Minn. 266. An examination of the Pennsylvania case indicates that in that jurisdiction, unlike ours, the motion for a verdict *non obstante veredicto* may properly be made in behalf of a defendant. The practice in the States is divergent. Illinois adheres to that of the common law, which is, we think, consistent and logical.

The judgment is reversed and the cause remanded with directions to entertain a motion for a new trial

if one shall be made; otherwise, to enter judgment on the verdict.

*Reversed and remanded with directions.*

MCSURELY and JOHNSTON, JJ., concur.