Modern Woodmen of America, Plaintiff in Error, v.
Pearl Gregory Blair, Defendant in Error.

Gen. No. 8,495.

Opinion filed November 4, 1931.

George G. Perrin, Funk & McKeene and George H.
McDonald, for plaintiff in error.

C. C. Carter and S. H. Cummins, for defendant in
error.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

In this case a writ of error is prosecuted by the
plaintiff in error, Modern Woodmen of America, to
review the action of the circuit court of Scott county

in the rendition of a judgment *non obstante veredicto* in favor of the defendant in error, Pearl Gregory Blair, beneficiary in the fraternal beneficiary certificate for $2,000 which had been issued to Ernest H. Gregory in his lifetime by the "Order of Modern Woodmen of America." The judgment is for the sum of $2,230.93. The defendant in error filed a motion, which was taken with the case, to strike the purported bill of exceptions from the record, for the reason that the bill of exceptions was not signed and sealed nor certified as a bill of exceptions by the trial judge, nor within the time allowed by the court for certifying and filing the same. A bill of exceptions which is not signed and sealed by the trial judge is fatally defective. *Magill v. Brown*, 98 Ill. 235, 238; *Pieser v. Minkota Milling Co.*, 222 Ill. 139; *People v. Powers*, 200 Ill. App. 536, 540.

For the reasons above stated, the bill of exceptions referred to in this case never properly became a part of the record, and it is therefore stricken from the record. Inasmuch as the bill of exceptions is not a part of the record, the question arises whether there still remains a complete record in this court for review of the errors assigned. The record remaining is the common law record which includes the pleadings and rulings of the court concerning them, and the verdict of the jury and the judgment of the court. It is well settled that the matter of the right to a judgment *non obstante veredicto* must be determined from the pleadings. *Manufacturers Finance Trust v. Stone*, 251 Ill. App. 414; *Tribune Co. v. Dunlap Mfg. Co.*, 201 Ill. App. 408; 11 Ency. of Pleading and Practice, p. 912; *Teehan v. Union Bridge Co.*, 84 Ill. App. 532; *Woods v. Hynes*, 3 Ill. (Scam.) 103. The record in this case, therefore, must be regarded as complete for the purposes of review of the errors assigned. The declaration in this case avers that the right of recovery is based upon a benefit certificate issued to Ernest H.

Gregory by the plaintiff in error; and that the defendant in error is named as beneficiary in the certificate; and that Ernest H. Gregory died on February 29, 1928; and that at the time of his death, he was a member of Modern Woodmen of America in good standing; and that in his lifetime he had kept, performed and complied with all the terms, provisions and conditions of the benefit certificate. The plaintiff in error pleaded in defense to these averments of the declaration which were material to the defendant's right to recover, that the decedent Ernest H. Gregory was not a member in good standing at the time of his death; but had forfeited his right of membership and had been suspended as a member before his death for failure to pay his membership dues and benefit assessments to the Camp of which he was a member, and that thereby he became suspended as a member; and that since his suspension and at the time of his death, he had not been reinstated to membership as required by the provisions of the by-laws of the plaintiff in error in force and effect at that time.

To the pleas presenting the plaintiff in error's defenses the defendant in error replied that prior to his death Gregory had paid all the membership dues and benefit assessments which were in arrears to the clerk of the Camp of which the deceased was then a member; and that the clerk had received the same; and that thereby the deceased had become properly reinstated as a member of the order and the Camp to which he had belonged, in good standing.

The defendant in error also replied that by calling for proofs of the death of the deceased and the acceptance of them by the plaintiff in error it had waived its right to contest a recovery on the benefit certificate.

The matters pleaded by the respective parties pertaining to the right of recovery and in denial of such right are embodied in the declaration and the pleas, the legal sufficiency of which are not in question. The

issues resulting therefrom were submitted to a jury and the jury found these issues in favor of the plaintiff in error. It is evident that the trial court took a different view of the evidence adduced on the trial than the jury, and therefore rendered the judgment referred to, notwithstanding the verdict of the jury. It is well settled law, however, that the evidence cannot be considered in passing upon this question of the legal propriety of entering a judgment *non obstante veredicto.* ''Since a judgment *non obstante veredicto* must be granted, if at all, upon the record, it follows that the evidence cannot be looked to in determining a motion for such judgment.'' 11 Ency. Pleading and Practice, 917; *Aldrich v. Mathias,* 141 Ill. App. 590.

The practice of rendering such a judgment can be availed of only where the defendant has failed to plead any sufficient defense; 2 Tidds Practice, 920; 1st Chitty, 688; Stephens on Pleadings, 98; Black on Judgments, sec. 16; Freeman on Judgments, sec. 7; *Hitchcock v. Haight,* 7 Ill. (Gilm.) 604; *German Ins. Co. v. Frederick,* 58 Fed. 144; *Teehan v. Union Bridge Co.,* 84 Ill. App. 532; *Hartje v. Keeler,* 133 Ill. App. 461.

''A judgment *non obstante veredicto* will not be rendered where there is substantially a material issue or a good defense although the pleading is technically defective.'' 11 Ency. Pleading and Practice, 919, *supra.* ''It is only in cases where it is very clear, that the defendant has no merits under whatever form his plea may be pleaded that the court will give judgment *non obstante veredicto.''* *Aird v. Haynie,* 36 Ill. 174. In this case the pleadings show a material issue and a good defense is pleaded by the plaintiff in error. Therefore under the authorities cited, we conclude that the entry of the judgment *non obstante veredicto* was erroneous and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*