Pearl Gregory Blair, Plaintiff in Error, v. Modern Woodmen of America, Defendant in Error.

Gen. No. 8,685.

Opinion filed May 18, 1933.

S. H. CUMMINS and C. C. CARTER, for plaintiff in error.

GEORGE G. PERRIN, FUNK & McKEENE and GEORGE H. McDONALD, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This was a suit in assumpsit begun in the circuit court of Scott county at the April term, 1929, alleging the issuing of a benefit certificate No. 3472698 for the sum of $2,000, to one Ernest H. Gregory, husband of the plaintiff in error, and payable to her in case of his death. The case was tried twice. On the first trial the verdict of the jury was for the plaintiff in the sum of $2,133.33, but on a motion for new trial this verdict was set aside, and on a second trial the jury found a verdict for the defendant.

The plaintiff in error herein made a motion for a new trial which was afterwards withdrawn and a motion was entered by her for a judgment *non obstante veredicto* which motion the court, after a consideration of the evidence tending to show that the insured, Ernest H. Gregory, died while a member in good standing, and that the plaintiff in error had, since the death of Ernest H. Gregory, made all formal proofs called for by the defendant in error and delivered the same to defendant in error at its Head Camp at Rock

Island, Illinois, without objections of any kind allowed the said motion for a judgment *non obstante veredicto*.

Defendant in error appealed from that judgment, which appeal was by this court dismissed and afterwards a writ of error was sued out and the case was decided by this court reversing the judgment for the plaintiff in error on her motion for judgment, notwithstanding the verdict of the jury, on the ground that the court had no power to look into the evidence on a motion for judgment *non obstante veredicto*. The merits of the case were not considered and could not have been considered as the purported bill of exceptions filed in the said cause by defendant in error was stricken out and nothing left but the common law record.

The remanding order from this court was in the following form: "On this day comes again the said parties and the Court having diligently examined and inspected, as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, Are Of Opinion that in the record and proceedings aforesaid, and in the rendition of the judgment aforesaid there is manifest error: Therefore, it is considered by the Court, that for that error and others in the record and proceedings aforesaid the judgment of the Circuit Court in this behalf rendered, be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the Circuit Court for such other and further proceedings as to law and justice shall appertain."

The remanding order of this court was redocketed in the circuit court of Scott county, whereupon the cause coming on to be heard at the April term, 1932, the defendant in error entered its motion for judgment on the verdict theretofore returned by the jury

in the former trial of the cause. A cross-motion was made by plaintiff in error for leave to renew her motion for a new trial and for a *venire facias de novo,* and the court took the said motions under advisement. Thereafter, on June 29, 1932, the court allowed the motion of the defendant in error for judgment on the verdict of the jury theretofore returned by it, and rendered judgment that the plaintiff in error take nothing and pay the costs of suit, to which action of the court the plaintiff then and there duly excepted. The court also overruled the motion of the plaintiff for leave to renew her motion for a new trial and for a *venire facias de novo,* to which action of the court the plaintiff then and there duly excepted.

Plaintiff in error has brought the record to this court, by writ of error, for review.

The only question passed upon by this court when the case was before us at the former hearing (*Modern Woodmen of America v. Blair,* 263 Ill. App. 387), was the question of the issue made in the pleadings, as the bill of exceptions had been stricken and no proofs were before this court.

The only question raised upon this record is whether the plaintiff in error was entitled to be heard upon a motion for new trial, upon the remandment of the cause. The true rule is laid down in *Chicago & N. W. Ry. Co. v. Dimick,* 96 Ill. 42, 48, where the court say:

"It is, however, contended by appellee that the questions presented by appellant can not be considered by the court, for two reasons: First, the motion for a new trial was not made in time; second, that the motion for judgment on the special findings was a waiver of the right to move for a new trial. The statute provides, where either party desires to move for a new trial, that the motion shall be made before final judgment be entered, or during the term it is entered. The motion in this case was made at the term and be-

fore final judgment was rendered on the general verdict. It is true, a judgment had been entered at a previous term in appellant's favor on the special findings. At that time appellant did not want a new trial. It would have been but an idle ceremony for it then to have moved for a new trial. No judgment had been rendered against it, and it was satisfied with the judgment of the court. When, however, that judgment was reversed, and a judgment was sought on the general verdict, then the motion was made for a new trial, and we think it was in apt time."

This was followed in *Quick v. Indianapolis & St. L. Ry. Co.,* 130 Ill. 334, a similar case, where the court held, page 339:

"The circuit court erred in entering judgment on the special findings, and for that error the judgment of the Appellate Court must be reversed. The cause will be remanded to that court, with directions to reverse the judgment of the circuit court, and remand the cause to that court, with directions to it to entertain a motion for a new trial by defendant, if one shall be made, and if overruled, to enter judgment on the general verdict."

The Supreme Court in *Cockrum v. Keller,* 258 Ill. 276, said: "The practice followed in *Quick v. I. & St. L. Ry. Co.,* 130 Ill. 334, seems to be the correct one"; and the court there further said: "A party in a law case against whom a verdict has been rendered has the right to his motion for a new trial and to the judgment of the trial court upon all of the questions that may properly be raised by such motion. Whether the right to move for a new trial is waived by a motion for judgment upon special findings is a question upon which the authorities outside of our own State are in conflict, but the rule must be regarded as settled in this State by the decision in *Chicago and Northwestern Railway Co. v. Dimick,* 96 Ill. 42, that the making of a motion for a judgment upon special find-

ings is not a waiver of the right to move for a new trial. The rule in this State is followed by the Supreme Court of Indiana. (*Indianapolis and Vincennes Railroad Co. v. McCaffrey*, 62 Ind. 552; *Ronan v. Meyer*, 84 id. 390.) The reversal by the Appellate Court of the judgment below because the court erroneously entered a judgment on the special findings when it should have overruled such motion and entered a judgment on the general verdict does not have the effect of setting aside the general verdict and requiring a trial *de novo*. The effect is simply to reverse the erroneous judgment and leave the parties in no different situation than they would have been had such motion not been made, or having been made, had been overruled by the trial court. The proper order, in this situation, in the Appellate Court would have been a reversal and a remandment of the case to the circuit court, with directions to that court to overrule the motion for a judgment upon the special findings and to entertain a motion for a new trial should the defendant below see proper to make one, and if said motion for a new trial were overruled, then to enter judgment upon the general verdict.''

The same rule is laid down in *Royal Mfg. Co. v. Garfield Sanitary Felt Co.*, 238 Ill. App. 425. The motion for a judgment *non obstante veredicto* and a motion for a new trial are inconsistent motions, and the first must be made before a motion for a new trial, and in making the motion for judgment *non obstante veredicto*, does not waive the motion for a new trial. (*Stein v. Chicago & Grand Trunk Ry. Co.*, 41 Ill. App. 38; *Quick v. Indianapolis & St. L. Ry. Co.*, *supra*.)

In *Interocean Mercantile Corp. v. Sawyer Biscuit Co.*, 253 Ill. App. 551, 568, the court held: ''The plaintiff asks that judgment be entered in this court in its favor for the amount claimed in its affidavit of claim. This we are without authority to do in a case where the right to a trial by jury exists. *City of Spring Val-*

*ley v. Spring Valley Coal Co.,* 173 Ill. 497; *North Side Sash and Door Co. v. Goldstein,* 286 Ill. 209; *Knight v. Seney,* 290 Ill. 11. This court is likewise without power to direct the entry by the trial court of a proper judgment. But, it may direct the trial court to proceed in conformity with the legal principles announced in its opinion. *People v. Lord,* 315 Ill. 603.''

We have examined all the cases cited by the defendant in error, but they do not apply to the facts in this case. As the court said in *Prentice v. Crane,* 240 Ill. 250, cited by defendant in error: ''Where the merits of the case have not been determined by the Supreme Court an amendment of the pleadings and the introduction of additional evidence may be permissible, and while the inferior court is concluded by the legal principles announced in the opinion, other facts may be proved within those principles which obviate the objections to granting the relief sought or the allowance of the defense interposed.''

For the reasons stated, the judgment of the circuit court of Scott county is reversed and the cause remanded.

· *Reversed and remanded.*