## ROWAN v. ALLEN.

### No. 10211.

Court of Civil Appeals of Texas. San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 16, 1938.

Eskridge & Groce, of San Antonio, for plaintiff in error.

Carter & Lewis, of San Antonio, for defendant in error.

SLATTON, Justice.

Louise Gallagher Allen, defendant in error, sued J. V. Rowan, plaintiff in error, for damages occasioned by injuries received by the defendant in error while riding in an automobile owned and operated by plaintiff in error.

There was a jury trial which resulted in the entry of a judgment against the plaintiff in error in favor of the defendant in error for the sum of $1,500.

There was no motion for a new trial made by the plaintiff in error in the trial court. The cause was tried in the trial court beginning upon October 5, 1936, and the verdict of the jury was received on the 7th day of October, 1936. The plaintiff in error, at the close of the evidence, made a motion for a peremptory instruction, which was by the trial court refused; the judgment was entered by the trial court on the 20th day of November, 1936, and entered of record on the 27th day of November, 1936. The defendant in error filed a motion for a new trial on the 8th day of October, 1936, which was overruled on the 3d day of December, 1936. Plaintiff in error filed a motion, on December 3, 1936, for a judgment notwithstanding the verdict. The case was brought here by writ of error.

The defendant in error contends that the plaintiff in error, having failed to file a motion for new trial and having failed to file his motion for judgment non obstante veredicto before the entry of the judgment, is thereby precluded from asserting error before this court.

It must be noted that this case was tried prior to the effective date of the new rule promulgated by the Supreme Court, which requires, in jury cases, a motion for a new trial in the trial court before any error may be complained of in an appellate court. It may well be noted by the bench and bar the revolutionary effect as a result of the amendment of article 2211, R.C.S.1925, Vernon's Ann.Civ.St. art. 2211, which became effective August 22, 1931. It seemed to be the prevailing rule in this state before that amendment that a trial court was without authority to set aside a jury finding on an issue raised by the pleadings, even though such finding was against undisputed proof or was without evidence to support it. Massie v. Hutcheson, Tex.Com.App., 270 S.W. 544. It had been held, however, that where the findings of the jury on special issues under a cross-action were without pleadings or evidence to support them, that the statute did not preclude the courts from ignoring special findings of a jury and rendering a correct judgment in the cause. Johnson et al. v. Breckenridge-Stephens Title Co., Tex.Com.App. Sec. A, 257 S.W. 223.

It also has been suggested by one of the courts of civil appeals that the amendment to the statute passed by the Legislature was taken from the laws of the state of Minnesota, and the Legislature in the passage of such amendment adopted the construction placed on such statute by the Supreme Court of that state. We give no assent to the correctness of this view; however, we do note that the Supreme Court of that state held, before the passage of our amendment, that a motion for judgment notwithstanding the verdict waives all errors that might have been redressed on a motion for new trial. Mahoney v. St. Paul City Ry. Co., 140 Minn.. 516, 168 N.W. 49.

It is also observed that it is recognized to be the rule in most jurisdictions that the motion must be made before the entry of a judgment on the verdict. 33 C.J. p. 1187, § 117, note 77. It must also be observed that our Supreme Court has declared that there must be reasonable notice given, and such notice must be in writing, Hines et al. v. Parks, Tex.Com.App., 96 S.W.2d 970, and in the same case it is suggested that the judgment disposing of such motion should recite the filing of a proper motion, that reasonable notice thereof was given, that a hearing was had, and that the parties appeared in person or by attorneys.

In the instant case the record shows the motion to have been filed on the 3d day of December, and the court, "after hearing said motion and argument thereon is of the opinion that the same should be and hereby is in all things overruled."

The fact that the motion was filed and presented on the same date, without a waiver of notice by the absent party, would, we think, require the court to overrule the same. It may be that because of the fact that it was not filed before the entry of the judgment or without showing any excuse for such belated filing, that it came too late. Whether or not the filing of such a motion without filing a motion for a new trial is a waiver of certain errors committed by the trial court presents, we think, most interesting questions.

The view we take of another question presented by the plaintiff in error, which we shall now consider, renders unnecessary a decision on the questions hereinbefore discussed.

Plaintiff in error contends that Mrs. Allen was a guest in his automobile and the finding of the jury to the contrary is without support in the evidence. The evidence shows that the family of the plaintiff in error and that of defendant in error were friends and had been for a period of about three years; that on the date of the accident Mr. Rowan wanted to take his wife and Mrs. Allen, in his automobile, to the races which were being conducted at the Alamo Downs race track. It appears in the evidence that the Rowans' son, about nine years of age, was sick and confined to his room, and that it was agreed by and between the Rowans that, if Mrs. Allen would allow her daughter to go over to the Rowan residence and there remain with the sick son of the Rowans, that they, the Rowans, would take Mrs. Allen in their car to the races. It seems to be admitted that while on this journey Mr. Rowan, who was driving, was guilty of negligence per se. This, in effect, is conceded in the brief by the plaintiff in error. The jury found that in driving the car at the time of the accident Mr. Rowan was guilty of conduct which constituted a heedless and reckless disregard of the rights of others.

If there is evidence sufficient to support the finding by the jury that the Rowans were transporting Mrs. Allen in their car' on the occasion of the accident, in consideration of Mrs. Allen having her daughter come to their home and stay with their ill son that afternoon, together with the ordinary negligence conceded on the part of Rowan, there could be no other judgment than that rendered by the trial court. We are of the opinion that the evidence was sufficient to sustain the finding of the jury that Rowan was conveying Mrs. Allen in his car for a consideration, which would be sufficient to remove this case from our guest statute. Vernon's Ann.Civ.St. art. 6701b. Elkins v. Foster, Tex.Civ.App., 101 S.W.2d 294, 295; Bree v. Lamb, 120 Conn. 1, 178 A. 919, 921; Lyttle v. Monto, 248 Mass. 340, 142 N.E. 795.

In the Bree Case, supra, the Supreme Court of Connecticut say: "If he is being transported for the mutual benefit of himself and the driver or owner of the car, he is not a guest. * * * It need not be a consideration agreed upon for the transportation. * * * Whether one is a guest must often resolve itself into a question of fact for the jury under appropriate instructions from the court."

In the instant case plaintiff in error objected to the court's main charge because "nowhere in it is there submitted the real question in this case, namely, whether or not the plaintiff was merely a guest in defendant's automobile, and the defendant here and now calls attention to such omission and failure of the court to submit such question and request the jury to find thereon." While it may be conceded that a party litigant is not estopped to request the submission of an issue to the jury and thereafter complain that the evidence is insufficient to support such issue, we merely mention this for the purpose of showing that the plaintiff in error recognized that the evidence before the trial court raised the issue of whether or not Mrs. Allen was a guest vel non of the plaintiff in error. As hereinbefore stated if, as the plaintiff in error conceded, that the evidence, without dispute, showed that Rowan was guilty of negligence per se, it becomes unnecessary to pass upon the sufficiency of the evidence to sustain the finding that the plaintiff in error's conduct constituted a heedless and reckless disregard of the rights of others. The evidence being sufficient to sustain the finding of the jury that Mrs. Allen was not a guest in the automobile operated by the plaintiff in error, there was no error in the judgment entered by the trial court; therefore, it is affirmed.